EASTERN DIST.
*February*, 1838.

MADDOX
*vs.*
MADDOX'S
EXECUTOR.

## MADDOX *vs.* MADDOX'S EXECUTOR.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF IBERVILLE.

The irregularity of *testing* the citation of appeal, by the District, instead of the *Probate Court*, from whose decree the appeal is taken, is immaterial, and the appeal will be sustained.

In a suit on a promissory note, signed by the husband and wife jointly, and there was no proof of his signature or authorization to her to sign it, but she recognized the debt in her will : *Held*, that no recovery can be had against her succession, because she could not contract such a debt during marriage, without the authorization of her husband, which is not shown.

This suit was instituted in the Court of Probates, in the parish of Iberville, against the succession of Julia Maddox, to recover the amount of a promissory note, purporting to have been signed by her and her husband jointly, in their life times, and made payable to the plaintiff. The facts of the case are fully set out in the opinion of the court, which follows.

On the trial, the judge of probates was of opinion, the note and debt were fully recognized and acknowledged in the last will of Mrs. Maddox, and he rendered judgment in favor of the plaintiff, from which the defendant appealed.

*Stacy*, for the plaintiff, moved to dismiss the appeal, because no legal citation was ever issued or served on the appellee.

*Edwards*, for the defendant, contended, that the judgment was erroneous, because it enforces an obligation entered into jointly by the wife with her husband during marriage, which is forbidden by law, and is illegal and void. *Louisiana Code*, 2412. 9 *Louisiana Reports*, 585.

EASTERN DIST.          *Carleton, J.*, delivered the opinion of the court.

February, 1838.          The plaintiff in this cause, asks for a dismissal of the appeal, on the ground that no legal citation had been served upon the appellee. The style of the citation is :

MADDOX
*vs.*
MADDOX'S
EXECUTOR.

" The State of Louisiana, Court of Probates, Parish of Iberville.—The State of Louisiana and said Court, to Wilson Maddox, residing, etc." And in conclusion is tested, " Thomas J. Cooley, judge of said court." Signed, " J. A. Haase, clerk of said court."

The irregularity of *testing* the citation of appeal, by the District, instead of the *Probate Court*, from whose decree the appeal is taken, is immaterial, and the appeal will be sustained.

The irregularity complained of, is the testing of the citation by the district, instead of the probate judge, from whose decree the appeal is taken.

The law makes it the duty of the clerk, when an appeal is allowed, to deliver a citation to the sheriff, to be served on the appellee, but does not require that it should be tested by the judge of the court from which it issues, or that it should be tested at all. *Code of Practice, No.* 581.

We think the error immaterial, and that the appeal should be maintained ; and proceed, therefore, to consider the cause upon its merits.

The action is brought against the executor of Julia Maddox, deceased, for the sum of eight hundred and sixty-eight dollars, of which one hundred and sixty-eight dollars is said to be money lent, and the balance the amount of an obligation, as follows :

$700. On or before the first day of November next, we, or either of us, promise to pay Wilson Maddox, seven hundred dollars, value received. Witness our hands and seals, this 27th February, 1832." .      " W. MADDOX,
" B. HARDWICK,            " JULIA MADDOX.
" L. BURLINGTON."

No testimony having been introduced to support the claim for money lent, the controversy is made to turn entirely upon the promissory note, which the petitioner alleges to have been executed by the wife, under the authorization of her husband ; and that by her last will and testament, she

recognized the obligation in favor of the plaintiff, and charges her executor to satisfy it.

EASTERN DIST.
*February*, 1838.

MADDOX
*vs.*
MADDOX'S
EXECUTOR.

The defendant pleaded the general issue, and averred, that if the deceased recognized by her will any debt as due the plaintiff, that the same had been paid by the syndic appointed to administer the joint property of husband and wife ; and that the debt, if it existed at all, was to be paid out of the property held in community, and not by the separate estate of the deceased wife.

The case was submitted to the Probate Court, who rendered judgment in favor of the plaintiff for the amount of the note, and the defendant appealed.

No evidence appears upon the record, to prove the execution by the husband of the note, upon which suit is brought. This, the defendant's counsel contends, is fatal to the validity of the obligation on the part of the wife, as it does not appear she contracted it under the authorization of her husband. We agree with the counsel in this position.

But on the part of the plaintiff, it is insisted, that his claim has been recognized by the last will of the deceased, in the following words : " *Je veux que toutes mes dettes soient payes. J'entends par la, que toutes les justes reclamation qui serient faites contre moi, soient satisfaites. Je désigne, particulièrement la dette que j'ai contracté envers Wilson Maddox.*"

By this clause in the will, the testatrix recognizes a debt which she had contracted towards Wilson Maddox. She could not, however, have contracted such a debt during marriage, unless with the authorization of her husband. This authorization not having been established by proof of his signature, it follows that no such debt was contracted by her.

We think, therefore, that the plaintiff has failed to make out his case, and that the judgment of the Probate Court ought to be reversed.

*In a suit on a promissory note, signed by the husband and wife jointly, and there was no proof of his signature, or authorization to her to sign it, but she recognized the debt in her will : Held, that no recovery can be had against her succession, because she could not contract such a debt during marriage, without the authorization of her husband, which is not shown.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed, and that there be judgment for defendant as in case of non-suit, and that the appellee pay the costs in both courts.