FRANCOIS H. PETITPAIN *v.* THEREZE PALMER and her Husband.

A note drawn by a wife, payable to her husband, is absolutely null and void in the
  hands of the latter ; no law recognizes any obligation of the wife to the husband,
  resulting from any contract between them. But where such note has been en-
  dorsed by the latter to a third person, it will bind the endorser.

THIS case was tried before a jury in the District Court of the
First District, *Buchanan*, J. There was a verdict and judgment
against the defendant, and A. W. L. Palmer, her husband, *in so-
lido*, for the amount of the note sued on.

*Pepin*, for the plaintiff.

*Grymes*, for the appellants.

MARTIN, J. The defendants are appellants from a judgment on
a note of the wife payable to the husband, and endorsed by him to
the plaintiff. The appellees' counsel has contended :

1. That a note is always presumed to be given for a valid consi-
deration, and that it devolves on the adverse party to show the con-
trary.

2. That the incapacity of the wife to make a contract, is removed
by the authority of the husband.

3. That the wife should have pleaded her incapacity, and the
want of consideration, if either existed, or that the note was not
given for her benefit.

I. With regard to the note, it was absolutely null and void in
the hands of the husband ; for we are ignorant of any law which
recognizes an obligation of the wife to her husband, resulting from
any contract between them. Civ. Code, art. 1784.

The counsel for the plaintiff has, however, in the argument,
placed the case before us as a contract of suretyship entered into by
the husband for the wife, under the form of an accommodation
note with his endorsement thereon ; and he insists that she is bound
to restore the money thus obtained from the plaintiff for her benefit.
If this be available, it ought to have been alleged and proved. In
the absence of such allegation and proof, it would be idle in us to
notice it.

Strong as this case is in favor of the wife against the plaintiff, it
is equally so in favor of the latter against the husband, who, by his

endorsement made a new contract, available to the endorsee as against himself, but not against the wife.

It is therefore decreed that the judgment of the court below be reversed as far it relates to the wife, and that ours be for her with costs in both courts; and that so far as relates to the husband, the judgment be affirmed with costs in both courts, and ten per cent damages as for a frivolous appeal.

### Same Case—On a Re-hearing.

Where the attention of the court has not been drawn to a bill of exceptions in the record, either by the points filed, or on the first hearing of the case, it will not be noticed on a re-hearing.

Martin, J. This case was before us at the February term, 1840, when we reversed the judgment so far as it related to the wife, and gave ours in her favor; and affirmed the judgment as far as it related to the husband. The plaintiff and the husband solicited and obtained a re-hearing. The former has limited his pretensions to the substitution of a judgment of nonsuit to that in favor of the wife, and has relied on the case of *Maddox* v. *Maddox*, 12 La., 13; a case which differs widely from the present, the claim of the plaintiff having been recognized by the wife in her will. In the present case, the plaintiff has no other evidence of his claim against the wife than her note given to her husband, and by him tranferred to the plaintiff. As the husband could not have maintained a suit upon this note, the plaintiff cannot have acquired such a right from him. *Non dat qui non habet*. It would be idle to give him the opportunity of a second attempt to enforce such a claim.

The husband has claimed a new trial, with the view of seeking relief at our hands against what he calls the error of the first judge, who, he alleges, erroneously refused, on the motion of his counsel, to retain the jury, who were about to leave the box for the chamber of deliberation, when the counsel came into court from an adjoin-

ing room, in which he was detained by business while the trial proceeded in the District Court. As no points were filed by this defendant, and our attention was not drawn at the first hearing of this case to the bill of exceptions, which was taken on the judge's refusal, it would be irregular to notice it on a re-hearing.

It is therefore ordered that the judgment heretofore rendered remain undisturbed.