No. 8115.

P. H. LEGENDRE, RECEIVER, VS. SELIGMAN, HELLMAN & CO.

Where one firm buys cotton with funds furnished by another, which, under the agreement, is to be entitled to the cotton from the date of the purchase, the bills of lading for the cotton with the exchange drawn against it, to be delivered to the firm furnishing the funds, that firm is entitled to cotton thus purchased, in hands of the firm making the purchase.

That right cannot be defeated by the death of one of the partners of the firm purchasing the cotton, and the delivery of the cotton on hand when the death occurs, to the firm, with whose funds it was purchased under the agreement stated by the surviving partners, is valid.

The receiver of the partnership, subsequently appointed, cannot disturb such a delivery.

An exception to one's capacity to sue must be pleaded before issue joined.

APPEAL from the Fifth District Court for the Parish of Orleans. *Rogers, J.*

*A. B. Phillips, E. W. Huntington* and *H. L. Dufour* for Plaintiff and Appellant.

*Miller & Finney* for Defendants and Appellees.

The opinion of the Court was delivered by

MANNING, J. In December, 1878, the defendant firm furnished Eimer Bader & Co. with funds to buy cotton for them, and a considerable quantity had been bought and delivered. Thirty bales were on shipboard on the 27th of that month, when Eimer Bader died, which were delivered to the defendants by Buhrman, the surviving partner of Bader, in the same way that previous purchases on same account had been delivered.

Bader's succession was opened in the former Second Court, and his widow was appointed administratrix, and Buhrman was appointed liquidator of the firm of Eimer Bader & Co. by that court. Afterwards,

in a suit before the Sixth Court between the widow as administratrix and Buhrman, the plaintiff Legendre was appointed receiver of the firm by that court. This suit is by Legendre, under that appointment, to recover thirty bales of cotton, or their value.

Answer was filed, setting up the agreement between the defendant firm and Eimer Bader & Co., and three months afterwards an exception was made to the capacity of Legendre to sue, which was properly overruled because coming too late. When a plaintiff sues in a representative capacity created by law, his want of authority must be pleaded *in limine*, in order to put him to the proof of it. Code Prac. Art. 344; Parker vs. Moore, 2 Ann. 1017.

The agreement was that the defendants, who are bankers, should furnish Eimer Bader & Co. with funds to buy cotton, which was to be the defendants' property until bills on shipments were delivered to them by Eimer Bader & Co. Bills of lading, with the exchange drawn against them, were delivered to the defendants under this agreement through December, during which time the advances of the defendants amounted to within a fraction of seventy-five thousand dollars, and the bills on shipments had covered this sum except six thousand dollars.

The cotton bought with the defendants' funds was marked and entered on the books of Eimer Bader & Co. so that it could be identified. Immediately after Bader's death, Buhrman and Hellman together went over the books of the Bader firm, and could recognize only thirty bales as the property of the defendants. There was more cotton on hand, but only this quantity bore the marks indicating it was bought with the defendant's exchange. Letters of Bader shewed also the same fact. This cotton was in the ship, and bills would presumably have been drawn and delivered on that, as was the course of business between the parties. Bader's death was sudden. His partner Buhrman delivered the bills of lading and exchange drawn on them to the defendants, thus carrying out the agreement as it had been done before. He delivered bills for only the thirty bales that were indentified. The proceeds of their sale did not pay the balance of the advances made by the defendants.

He had a right as surviving partner of the firm to deliver the bills of lading for the cotton. Under the agreement the defendants could have forced him to deliver them. They had taken the precaution to stipulate that the cotton bought with their funds should be theirs from the date of the purchase, and should so remain until the bills of lading and exchange drawn against them were delivered to them. The receiver cannot disturb the transaction thus consummated.

Judgment affirmed.

Rehearing refused.