The opinion of the court was delivered by
Miller, J.
The plaintiff seeks to enjoin the removal of a heater and its attachments in a building acquired by him at the sheriff’s sale-under a mortgage of plaintiff on the property, i. e., building and ground. The plaintiff’s position is, the heating apparatus for heating the building, used as a seminary, was placed in it by the owner for its service and improvement, thereby became part of the immovable, was covered by the mortgage, and passed to the plaintiff under the purchase by him at the sheriff’s sale. The heater and attachments were sold to the owner of the building, never paid for,, and under a contract that, until paid for, the vendor should be the-owner of the property sold. The vendor obtained judgment against, the owner for the unpaid price, with the right to remove the property sold, unless payment of the price was made by a given time. It is the removal under that judgment plaintiff enjoins. The argument on behalf of the unpaid vendor is, that his conditional sale did not, divest him of ownership, nor was his right impaired because the purchaser chose to put the property in a building covered then or thereafter by a mortgage, and it is urged that the price being unpaid the vendor can enfoice against the' mortgage creditor the right to remove the property as decreed in the suit of the vendor against the owner. The judgment of the lower court sustained the vendor and plaintiff, the mortgage creditor, appeals.
The question here, in a varied form, has been the subject of previous adjudications. It is familiar that our law makes part of the immovable, things that have been added by the owner for the improvement and service of the property. Hence the mortgage of the immovable covers not only the soil, the building, but the appurtenances designated by the Code. So the sale of the immovable carries the immovable in the sense of the Code. Things the owner has placed on the immovable for its service and improvement become immovable by destination, is the textual declaration made plainer by the illustration in the Code, of cattle intended for cultivation, implements of husbandry, seeds, beehives, mills, kettles and *1468 machinery, and the Code adds all movables attached to the building by the owner with plaster or mortar not capable of being detached without breaking or injuring the building. Civil Code, Arts. 462, 463, 467, 468, 469; Lucas vs. Brooks, 23 An. 117; Theurer vs. Nautre, 23 An. 749; Pohlman vs. De Bouchel, 32 An. 1158; Weil vs. Lapeyre, 38 An. 303; Rochereau vs. Bobb, 27 An. 657. The principle that movables added to the immovable for its improvement, while inflexibly applied as between the owner and his vendee or mortgagee, is yet subject to well-defined exceptions. The Code itself rec;gnizes the right of the third person to remove or claim compensation for his works or constructions on the immovable of another, yet if made by the owner the improvements would undoubtedly be subject to any mortgage by him on the immovable. Civil Code, Arts. 506, 507. So the privilege accorded by law to the vendor of movables still subsists though the movables are attached by the purchaser to the immovable, and will be enforced against the mortgage creditor. The French commentators state the law by a commonplace illustration : the workman sells the farmer a tub which he places on his farm for its improvement; the tub thus becomes part of the immovable, but shall this change deprive the workman of his privilege? The commentators answer in the negative and affirm until paid for, the vendor notwithstanding the change preserves un droit reél on the article sold. 1 Troplong Priv. and Hypoth. No. 113; Lapene vs. McCan, 28 An. 749; Hall vs. Wyche, 31 An. 735; Carlin vs. Gordy, 32 An. 1285. The authorities, we think, sustain the right of the unpaid vendor to enforce his privilege on the movable sold, although by the act of the purchaser it has become part of the immovable.
The vendor of a movable is apprised by law that without registry he preserves a privilege on the thing sold. Civil Code, Art. 3227; Constitution, Art. 176. It is difficult to see in the light of the provision in the Constitution that the privilege can be defeated by the use the purchaser makes of the thing sold. There is a decision in 1857 that the privilege must be recorded to avail if the thing sold has been incorporated with so as to become part of the immovable. The decision has no support in the French authorities, nor in the later adjudications of this court, and where they deal with registry at all it is because the Constitution in existence required all privileges to be recorded. Gary vs. Burguieres, 12 An. 227; Constitution 1868, Art. 123. In this case it is not his privilege for the price on which *1469 the vendor insists. It is his ownership of the movable he demands If the law will not allow the mortgage creditor to defeat the privilege on the movable which, unpaid for, happens to be placed in the building subject to the mortgage, it is not easy to appreciate why on the same principle the ownership of the movable should not be equally protected against the mortgage creditor.
On what principle can the mortgage be extended beyond the property of the debtor. Civil Code, Art. 3278. Instances are not infrequent of the property of third persons placed by them on the mortgaged property, but it has never been supposed such articles were subject to the mortgage. In this case there is no controversy on the issue of the ownership of the heater. It belongs to the vendor under his conditional sale. It is the case of the property of the third person never subjected to the mortgage, unless it is to be maintained that our Code transforms the property of the vendor who has never parted with his ownership into that of the purchaser. Can it be said the law will enforce against the mortgage creditor the privilege of the vendor for the price of the thing sold on the mortgaged premises, but for the benefit of the mortgage creditor will not permit the vendor to remove that property, though no price has ever been paid, and under the conditional sale the vendor is the owner of the property. We find no warrant in our Code for this view of the law. It seems to rest on the protection it is claimed the law gives to the creditor who takes the mortgage on the faith of the public records showing no encumbrance on the property,' or who spreads on the records his mortgage notice to all it is urged, that no lien can be acquired to the prejudice of the mortgage. There are striking analogies, at least, opposed to this view. The law, notwithstanding the recorded mortgage, will enforce against the creditor the claim of the workman for work on the property mortgaged; the owner of the immovable is not permitted to profit by the construction or works of a third person on the immovable; the mortgage creditor must pay for the improvements of the third possessor, and we think it beyond doubt that the mortgage yields to the vendor’s privilege on the movable sold and attached to the mortgaged property. Civil Code, Arts. 3268, 507; Penn vs. Citizens Bank, 32 An. 195; Citizens Bank vs. Miller, 44 An. 199; Lapene vs. McCann, 28 An. 749; Carlin vs. Gordy, 32 An. 1285; 1 Troplong Priv. and Hypoth., No. 113. It seems to us on the same principle the claim of the vendor, *1470 who remains the owner of the movable placed in the mortgaged premises must be admitted against the mortgaged creditor, and in reaching this conclusion we have given the fullest consideration to the argument and authorities cited by plaintiff’s counsel.
There might be difficulty in some cases attending the removal of the movable property from the building in which it is placed. The judgment of the lower court restricts the claim of the vendor to that part of the property sold which can be, as we appreciate the testimony, detached without injury to the building.
It is therefore ordered, adjudged and decreed” that the judgment of the lower court be affirmed with costs.
Nicholls, O. J., absent.