BREAUX, C. J.
Plaintiff brought suit against the defendant for the purpose of recovering from the -latter the sum of $5.50, the value of two packs of candy shipped from St. Louis, Mo.,.via Shreveport, La., to the plaintiff, received November 13, 1909.
Plaintiff averred that the amount is due as damages, which was not paid within 60 days as provided by law; that defendant, having thus failed to pay, is amenable to damages in the sum of $50.
Defendant answered denying the allegations of plaintiff’s petition, and averred that the' candy, for the value of which plaintiff brought suit, was never delivered to it and never came into its possession.
In the alternative, defendant assailed the constitutionality of Act No. 29 of 1908, under the provisions of which plaintiff seeks to recover $50 damages.
Defendant further answered in the alternative that on or about April 6,1910, it made a legal tender to plaintiff of the sum of $5.50, together with costs, which was not accepted.
There was a trial had in the magistrate’s court, and judgment rendered for plaintiff in the sum of $55.50.
An appeal was taken to the district court, and in that court plaintiff moved the court to strike from the answer defendant’s averment of unconstitutionality of the act referred to above, which the court ordered, and it was stricken out.
The district court affirmed the judgment of the magistrate’s court.
The case is before us in answer to a writ nisi issued by'this court.
The question before us for decision is whether the defendant can be forced to pay $50 penalty, the property, the value of which *386 is claimed, never having been delivered to the defendant company, and the company having tendered to plaintiff, in order to save cost, the amount last mentioned, the property having been lost by a connecting carrier, and not by defendant.
The judge of the district court wrote a statement of facts showing that the damage claimed arose on a shipment of merchandise from St. Louis, Mo., to Coushatta, La., via Shreveport; that the defendant, the Louisiana Bailway & Navigation Company, never received the goods from its connecting carrier ; that defendant made a tender, as above stated.
The defendant had the right to tender the amount it did; the purpose was, it is stated, to hold the connecting carrier for the amount.
It making this tender, it did not become liable for the $50. >
This last is not due by the carrier who never came into possession of the property, and, as it is very evident that the freight never came into its possession, there was no liability incurred for the penalty by making the tender in payment of amount actually due.
The delivering carrier, in this instance the Louisiana Bailway & Navigation Company, is responsible to the consignee for the value of the freight lost as alleged; it having the right to recover therefor of the connecting carrier.
The liability does not extend further.
In order to decide the question of liability for the damages, we have with some care read the cited act.
Claims for loss of or damage to freight must be adjusted and paid within 30 days in ease of shipment wholly within the state and in 60 days in case of shipments wholly without the state, after the proper filing of the claim, and this payment must be made by the delivering carrier without regard to any part of the system of the carrier by-which it was lost or damaged.
The second section of the statute provides a penalty of $50, as before stated, for each and every failure to comply with the command of the statute. ”
That amount is unquestionably due, and for the freight thus lost or damaged by the delivering carrier it owes both damages and value, and penalty.
If it was not lost by the delivering carrier, penalty being a separate and independent matter, the consignee or consignor must look for the amount to the carrier originally in fault.
There is no possibility of arriving at any other conclusion.
The section of the statute contains two provisos:
The first provides that the claimant for freight or damages done to it shall not be entitled to the penalty unless he proves the full amount of his claim. This refers directly to the penalty.
The second section is equally as conclusive that no penalty can be recovered unless the freight, cost, or damages done to the freight was delivered to the delivering carrier for transportation.
Possession is made the sine quo non to recovering penalty.
We only construe this section as relates to the penalty; no other question being before us.
For these reasons, the judgment of the district court on appeal from the justice of the peace court and the judgment of the justice of thé peace court are avoided, annulled, and reversed in so far as the defendant was condemned to pay the penalty of $50.
It is affirmed in so far as the judgment condemned the defendant to pay $5.50 and costs to the date that tender was made. It is further ordered, adjudged, and decreed that plaintiff pay all other costs of appeal *388 and those incurred in the court of original jurisdiction, as well as costs of this proceeding for certiorari.