No. 10,110.
Orleans

---

VINCENT PICATACCI ET AL., Appellant,
v. GEORGE PALERMO.

---

(January 4, 1926. Opinion and Decree.)
(February 1, 1926. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Assault and Battery —Par. 4, 5.**

In an action for damages for physical injuries alleged to be due to an assault and battery where the evidence shows the plaintiff to be the aggressor, defendant will not be held liable, particularly where it appears that the assault consisted of a slap or push with the hands in return for a blow upon the neck.

2. **Louisiana Digest—Assault and Battery —Par. 8.**

The fact that the defendant was convicted of assault and battery in Criminal Court based upon the same incident made the basis of a suit in damages is a circumstance unfavorable to the defendant, but is not conclusive, and when the evidence adduced in the civil suit clearly preponderates in defen-

dant's favor, the unfavorable impression which the conviction of defendant created will be removed.

(Civil Code, Art. 2315. Editor's Note.)

Appeal from the Civil District Court, Parish of Orleans, Div. "B", Hon. Mark M. Boatner, Judge.

This is a suit brought by the father and mother in behalf of their minor son for damages on account of alleged injuries due to assault and battery on their son. There was judgment for defendant and plaintiff appealed. Judgment affirmed.

Woodville and Woodville of New Orleans, attorneys for plaintiff, appellant.

A. Landry of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J.	Vincent Picatacci and Corinne Picatacci, father and mother, respectively, bring this suit on behalf of their minor son, Matteo Picatacci, against George Palermo, claiming $13,000.00 as damages on account of alleged physical injuries suffered by their son as the result of an alleged assault and battery said to have been committed by the defendant upon the person of their said son. Plaintiffs allege "that on or about May 21st, 1923, at the corner of Chartres and Governor Nicholls Streets, George Palermo, of lawful age and a resident of this City and State, for no cause or reason, and without provocation, brutally beat, struck and mauled and kicked their minor child, Matteo Picatacci."

Defendant avers that plaintiffs' son, "a large boy, apparently fourteen years of age, together with other boys, were creating a disturbance at the corner of Governor Nicholls and Chartres Streets, where defendant conducts a grocery store and resides; that Matteo Picatacci and his companions were abusing and threatening to fight and beat a boy about their age who was in defendant's place of business;

that defendant ordered said Matteo Picatacci and his companions away from his place of business; that when defendant advanced toward said Matteo Picatacci and ordered him away, the said Matteo Picatacci struck him, defendant, with his fist; that in order to defend himself, which he had a right to do, defendant gave said Matteo Picatacci a slap, and that this was the only blow struck by him, and only after provocation and in self-defense."

There is no doubt of the fact that plaintiffs' son was severely injured at about the time of the alleged assault. Dr. Salerno testified to that effect, and there is no evidence to the contrary. But to what extent the injuries may be said to be due to an assault, whether committed by defendant or someone else, is difficult to determine. There is evidence to the effect that Matteo fell from a moving truck and that he also fell in a successful effort to break jail in Memphis, both incidents occurring shortly before the date of the alleged assault. It is probable that the bruises and contusions about his body were of very recent origin, whatever may be said of the fracture of a bone in his hand. We conclude on this point that Matteo was injured on the date mentioned in his petition and from an assault or fisticuff and we will assume that it was defendant's fist that injured him, though this is not by any means clear. But if Matteo was the aggressor, he cannot recover. William Page vs. Robert Hilliard, 14 Orl. App., p. 11; Webre vs. Troscler, No. 9516 Orl. App. If defendant assaulted plaintiff in self-defense, he is not liable in damages. Stothart vs. Louisiana-Arkansas R. Co., 127 La. 409, 53 So. 658; Hingle vs. Myers, 135 La. 383, 65 So. 349; Carneglia vs. Fratello, 144 La. 795, 81 So. 318; 5th Corpus Juris 635; Cooley on Fists, p. 165.

Vincent Delosandro, Nuzio Brocato, Ignozio Giordino and plaintiffs' son Matteo Picatacci met in front of the defendant's grocery store and engaged in general swearing and some fighting. Defendant, George Palermo, undertook to quell the disturbance which centered about plaintiffs' son, Matteo Picatacci. Plaintiffs' witnesses and plaintiffs' son declare that Palermo beat Picatacci severely without provocation, at least, nothing more than a verbal barrage of denunciation. Two witnesses testify to this effect, Joe Vaccaro and Mrs. Paulino Fonniglio. On the other hand, defendant claims that Picatacci struck him in the neck with his fist and that he (defendant) did nothing more than to stop or push Picatacci in return. Defendant is corroborated by Frank L. Faust, who says that Picatacci hit "George" in the neck and that "George" shoved him and he tripped and fell down on the banquette. Mary Ganco says: "I seen Mr. George Palermo going towards the ice house when the boys jumped on him. Picatacci started at George Palermo, but I never see George hit Picatacci at all." Nuzio Brocato testified that, "Mr. George Palermo went up and told them to stop cursing, they had some ladies nearby, and after Mr. Palermo stepped into his grocery, they started again and he came out and said stop it again. They were raising a disturbance. And afterwards they sent some boy named Joe to the grocery to tell George Palermo they wanted to fight George, and George went up to them and they hit George in the back of the neck."

"Q. Who hit George in the back of the neck?
"A. Matteo Picatacci, he hit George and shoved him and naturally he fell on the side and everything was over."

Ignacia Giordina testified: "So this little kid came over there and said 'Come on and fight, they will fight you.' They meant Delosandro. We told Delosandro to get away, and they were cursing, and Mr. George Palermo went over and told them to quit cursing, and the Picatacci boy hit Mr. George Palermo on the neck and George just shoved him off."

Vincent Delosandro testified: "I was standing on Chartres and Governor Nicholls, and my little cousin, Vincent Brocato, called me over and said they wanted to fight me. So I told them that if they wanted to fight, and they said yes and the whole three of them said yes. So I wanted to take them on Barracks and Chartres Streets. I said I don't want to fight here and I went to the grocery and I stood there and a fellow named Serreo came over and said he wanted Mr. George Palermo, and Mr. George went over there and said, Get away, and Picatacci punched Mr. George and Mr. George shoved him away."

"Q. Did Mr. George kick or punch him?
"A. No, sir."

There is evidence tending to affect the credibility of plaintiffs' son and one of his witnesses, and the same might be said of one of defendant's witnesses, but, giving to every witness the same consideration, the evidence largely preponderates in defendant's favor.

Our attention is directed to the fact which appears in the record that George Palermo was convicted in the Criminal Court of assault and battery growing out of this occurrence. We concede this to be an unfavorable circumstance, but we cannot regard it as conclusive. On the record before the defendant cannot be convicted of civil responsibility, much less criminal. The proof in the Criminal Court, we are advised, was different, due to the forced absence of some of defendant's wit-

nesses, but be that as it may, we can only deal with the record as we find it, and we think there is abundant justification of the finding of the lower Court.

For the reasons assigned, the judgment appealed from is affirmed.