No. ——

First Circuit

———

McCASKEY REGISTER COMPANY v. HARRIS

———

(June 5, 1926. Opinion and Decree.)
(June 26, 1926. Rehearing Refused.)

———

(*Syllabus by the Editor.*)

1. Louisiana Digest—Sales—Par. 324.

Where a conditional sale has been made it will be interpreted as an absolute sale and the vendor will have his lien and privileges thereunder.

## 2. Louisiana Digest—Appeal—Par. 625.

The finding of the trial court as to a matter of fact, namely, the lack of fraud in a sale, being eminently correct, is affirmed.

## 3. Louisiana Digest—Pleading—Par. 62.

An exception no cause of action against a petition to enforce a conditional sale will be overruled because the sale can be enforced as an unconditional sale under the Louisiana law.

Appeal from the Thirteenth Judicial District, Parish of St. Landry. Hon. B. H. Pavy, Judge.

Action by the McCaskey Register Company against V. E. Harris.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

G. L. Dupre, of Opelousas, attorney for plaintiff, appellee.

Sandoz & Sandoz, of Opelousas, attorneys for defendant, appellant.

ELLIOTT, J. The McCaskey Register Company claims of V. E. Harris the sum of $521.00 with interest, less $50.00 paid February 17, 1925, with ten per cent as attorney's fees on the sum alleged to be due, as the purchase price of the property described in an accepted order annexed to the petition.

The defendant, after excepting that plaintiff's petition disclosed no cause of action filed an answer in which he denies that he is indebted unto the plaintiff, urged that the document sued on was a conditional sale, not recognized by, nor enforceable in law, and which he was induced to sign by the misrepresentation and fraud practiced on him by plaintiff.

From a judgment against him defendant has appealed.

The order sued on and annexed to the petition, after stating the name and address of the shipper, party to whom it was shipped, description of the property, price and terms of sale, contains the following prominently printed:

"Caution—No Goods Sold on Trial.

"It is expressly agreed that this order, including the conditions on the back hereof, covers all the agreements between the parties and cannot be altered or varied by any verbal agreement or understanding.

"Receipt of an exact duplicate of this order is hereby acknowledged by purchaser's signature.

"Title to the goods to remain in The McCaskey Register Company until purchase price or judgment for all or any part of same is paid in full."

The conditions printed on the back of the order state that the order is subject to acceptance by The McCaskey Register Company and shall not be subject to countermand after acceptance.

Delivery of goods F.O.B. Alliance, Ohio, or other distributing point of any common carrier, shall constitute delivery to the purchaser and any prepaid charges, freight or express, shall be repaid by purchaser.

"Default in the payment of any installment of the price, when due, shall at the option of The McCaskey Register Company, render the total purchase price due and payable, or shall entitle The McCaskey Register Company to immediate possession of the goods specified, without legal process, and any money theretofore paid shall be retained by The McCaskey Register Company as rent or damages, except as otherwise provided by law, time being hereby expressly made the essence of this contract. The goods herein specified shall

not be sold or removed from the county herein named without the consent of the company, until paid for in full. Any damage to or loss or destruction of the goods, after delivery, shall not alter the obligation of the vendee to pay the price. The giving of installment notes herein shall not constitute payment or waiver of any terms or conditions of sale. The maker hereon waives the right of exemption under the constitution and laws of any state as to personal property and agrees to pay reasonable attorney's fees of not less than ten per cent on the balance due, in case any part of the purchase price becomes past due and is placed with attorneys for collection.

The defendant contends that these stipulations show that the contract sued on is a conditional sale and not enforceable in law. The Civil Code provides for conditional sales. The Supreme Court in Barber Asphalt Paving Co. vs. St. Louis Cypress Co., 121 La. 152, 46 South. 193, considered a similar contract and defense and held that the contract was not a conditional but a present sale. That the stipulation about title remaining in the seller, when all the elements of a present sale are present will be disregarded and the contract given effect as a sale, the only form in which it can have effect.

In the case before us, the agreement sued on was accepted; there is a certain price, part of which was paid at the time. The property is described; the seller has an unconditional right to the price, and the buyer is bound unconditionally to pay it. The property was delivered and accepted. All the elements of a present sale are present in the contract. Therefore, the stipulation about the title to the property remaining in the seller until paid for will be disregarded and the contract given ef-

fect as a sale. In Pratt, etc., vs. Cecelia Sugar Co., 136 La. 179, 182, the court, speaking of an arrangement similar to the one now in hand, says: "But plaintiff certainly had the right to sue to recover the unpaid price or to dissolve the sale for non-payment of the price", citing C. C. Arts. 2046, 2561, 2564. In Forsman vs. Mace, 111 La. 28, 31, the court says in regard to a similar contract that it was in the nature of a condition which the vendors could at any time waive, leaving the sale unconditional and absolute. See also Bulkley, State ex rel., vs. Whited & Whegless, 104 La. 125, 28 South. 922; Adams Mach. Co. vs. Newman, 107 La. 702, 32 South. 38; Barber Asphalt Pav. Co. vs. St. Louis Cypress Co., 121 La. 152, 46 South. 941.

In this case The McCaskey Register Company is not claiming the ownership of the property; but the price is claimed, with vendor's privilege on the property sold, and the defendant bound himself unconditionally to pay the price.

The contract is therefore not a conditional sale.

There is one case which appears to be in line with defendant's contention, but it is in reality based on a different situation as regards the action taken. In Baldwin Co. vs. Shff., 47 La. Ann. 1466, 17 South. 883, the plaintiff brought suit against a purchaser based on a similar contract to the one presently involved and recovered a judgment against him recognizing Baldwin Co. as the owner of the property. This judgment was rendered in a suit against the purchaser in which the ownership of the property was claimed and allowed. Subsequently this judgment was enforced against Newman, a third party. As a matter of legal right Bald-

win Co. could have rescinded the sale. C. C. Arts. 2561, 2564.

The case of Baldwin Co. vs. Shff., 47 La. Ann. 1466, 17 South. 883, is not in harmony with Barber Asphalt Pav. Co. vs. St. Louis Cypress Co., 121 La. 152, 46 South. 941, and the other cases cited, and to the extent that they are inconsistent the Baldwin case must be considered as overruled. The exception of no cause of action and defendant's contention that the contract sued on cannot be treated as a sale and the sum specified as the price was properly overruled. Defendant, citing McLane vs. Creditors, 47 La. Ann. 134, 16 South. 764, urges that he had the right to inspect the registers, etc., after their arrival, with the right to refuse them if found not to be satisfactory. In the case cited there was a question whether the machinery involved had been accepted by McLane. In the present case defendant paid part of the purchase price and unconditionally obligated himself to pay the balance, received the property when it came, kept it, and in doing so he acted on the agreement, which was that no goods were sold on trial and that no order accepted by The McCaskey Register Company was subject to countermand. If this shipment had not been such as had been ordered; if the goods were not of the kind and quality stipulated, defendant could have refused them; but the evidence does not indicate that the shipment was not of the kind and quality ordered. Defendant alleges in his answer that when the goods arrived he took the register, etc., from its box and endeavored to operate it. That defendant's agent did not come, as promised, to show him how the machine worked; that the machine would not do the work which the agent represented that it would do. There is evidence in the record that plaintiff's agent did come and erect the machine and that it worked all right; also evidence to the contrary; the affirmations and negations on the subject appear to be about equally divided. But if defendant is correct in his claim that plaintiff was to send a man to erect and show him how to operate the machine and did not do it, then it does not seem that defendant was induced by misrepresentation and fraud to buy because it appears that defendant would have been satisfied if plaintiff had sent a man to erect and show defendant how to operate the machine. Without explanation, and we find none, the two defenses do not appear to be in harmony; but be that as it may, the defendant avers and as a witness contends that plaintiff's agent told him that if he did not find the machine satisfactory he could return it. The record shows a letter written by defendant to plaintiff's attorney in answer to request for payment, in which the claim is made by defendant that plaintiff's salesman told him if he found he could not use the register, etc., or could not pay for it he might return it. This understanding is contrary to the written order and cannot be reconciled with it. The order informed defendant to the contrary and the order was in that respect noticed by defendant before he signed it; consequently defendant's claim to misrepresentation and fraud, accomplished in the way stated, in the face of the caution and admonition, is hardly conceivable. The fraud and misrepresentation alleged by defendant is not supported by a preponderance of the evidence. We are satisfied that the district judge decided the case correctly on the law and the facts. The appellee, answering defendant's appeal, calls attention to the demand in its petition for recognition of a vendor's privilege on the property described in the agreement. The petition claims a privilege on Cash Register B No. 24 but not

on the other property. The plaintiff is entitled to have recognized the privilege claimed; so we will recast the judgment appealed from in order to do so. For the above reasons it is ordered, adjudged and decreed that plaintiff, The McCaskey Register Company, have judgment against defendant, V. E. Harris, for five hundred and twenty-one dollars, with legal interest from judicial demand, subject to a credit of fifty dollars paid February 17, 1925, and that defendant also pay the plaintiff ten per cent attorney's fees on the sum due. The vendor's privilege claimed by The McCaskey Register Company on Cash Register B No. 24, described in the petition and contract thereto annexed, is recognized, and it is ordered that said property be seized and sold and that the plaintiff is entitled to the proceeds of the sale in the rank proper to said privilege and by preference and priority over all other creditors of inferior rank and degree, the same to be applied on the judgment herein rendered, as far as same will go. The defendant and appellant to pay the cost in both courts.