BRTJNOT, J.
 

 Relator filed a suit against the defendant, J. C. Horan, for $350, alleging the said sum to be due him for services rendered and labor performed in the manufacture of staves and stave bolts. He asserted the laborers’ lien and privilege upon all of the staves and stave bolts manufactured in defendant’s mill during the period of his employment by the defendant, and provisionally seized all staves then on the mill-yards. The Beeson-Moore Stave Company intervened in the suit, denied that plaintiff had a lien or privilege on the property seized, alleged that it was the owner of the property by the purchase of it from defendant, in good faith and without notice of plaintiff’s alleged privilege prior to its seizure. After trial, the district court rendered judgment in favor of the plaintiff and against the defendant for the sum claimed and costs of court, recognized plaintiff’s lien upon the property seized, maintained the seizure, and ordered the seized property sold to satisfy the judgment.
 

 intervener suspensively appealed from the judgment, and the Court of Appeal (121 So. 323) reversed the judgment in so far as it recognized plaintiff’s lien upon the property seized and in so far as it maintained the seizure and ordered the property sold. An application for a rehearing was made, a rehearing was denied (122 So. 140), and relator applied to this court for a writ of review. The writ issued, and the record has been sent up in response thereto.
 

 The record shows that relator was the defendant’s bookkeeper. On the original hearing before the Court of Appeal, counsel for plaintiff and intervener, both in brief and argument, presented to the court as the decisive issue, the question as to whether or not a bookkeeper was a laborer within the meaning of Act 23 of 1912, and, as such, entitled to the laborer’s lien and privilege upon the staves manufactured at his employer’s mill. The Court of Appeal, in an exhaustive and lucid opinion, held that a bookkeeper was not a laborer within the meaning of the act, and its judgment is based upon that conclusion. In the application for a rehearing, the right of the Court of Appeal to pass upon that question is raised, for the first time. In disposing of the application for rehearing, the court said:
 

 “The point raised on application for rehearing was not raised on the original hearing in this court, and we cannot consider it now. ‘It is settled practice of the court not to notice in application for rehearing points which were not made in the argument of the cause.’ Succession of Broom, 14 La. Ann. 67; Allen, Nugent & Co. v. Buisson, 35 La. Ann. 112; Baldwin v. Sheriff et al., 47 La. Ann. 1470, 17 So. 883, * * * Petitpain v. Palmer, 1 Rob. 221.
 

 “Not only that, the very point which counsel says the court had not right to pass upon is the one which counsel on both sides particularly stressed in argument and in brief on the original hearing. It is the recollection of
 
 *887
 
 every member of this court that the question whether a bookkeeper is a laborer and has a privilege on the products of a stave mill, under section 1, Act 23 of 1912, was the only point stressed in argument by either counsel.
 

 “Counsel who now says the court had no right to pass on that point, submitted a brief on the original hearing, the syllabus of which is in one paragraph and reads as follows: ‘All managers, mechanics or laborers employed by or working in sawmills, * * * stave and box manufactories, shall have a lien or privilege on all * * * staves, boxes and all material manufactured, * * * for the payment of their salaries or wages; provided that this lien or privilege shall have no effect against bona fide purchasers of the said material, without previous notice. Section 1, Act 23 of 1912; Swain v. Kirkpatrick Lumber Co., 143 La. 30, 78 So. 140, 20 A. L. R. 665.’
 

 “The act (23 of 1912) gives to all managers, mechanics, and laborers employed to do work at stave mills a lien and privilege on staves manufactured at the mill, ‘provided that this lien or privilege shall have no effect against bona fide purchasers of the said material, without previous notice.’
 

 “The two propositions which counsel stressed in his original brief were: First, that plaintiff, a bookkeeper, was a ‘laborer’ and entitled to the privilege; and, second, that intervener was not a purchaser of the staves in good faith and without notice of the lien in favor of plaintiff, and that therefore the staves passed from Horan, the defendant, to intervener burdened with the privilege. So that counsel for appellee came into court and earnestly and ably ■ stressed the point that his client had a privilege on the staves for the reason, as we understand it, that if he had no such privilege, he could have no possible interest in the alleged sale from Horan 'to intervener. We decided that he, had no privilege, and counsel now says the holding is correct. Then what further interest has plaintiff in the ease? The lower court rejected intervener’s demands, holding, as we understand, that Horan is still the owner of the staves. We left the decision on that point undisturbed. Plaintiff, we think, has gotten all to which he is entitled. He seized the staves, mot under attachment or fi. fa., but under an asserted lien and privilege.”
 

 In Succession of Broom, 14 La. Ann. 67, this court said:
 

 “It is the settled practice of the court not to notice in applications for rehearing, points which were not made in the argument of the cause.”
 

 We cite, in this connection, the following: Allen, Nugent & Co. v. Buisson, 35 La. Ann. 113; Baldwin v. Young, 47 La. Ann. 1470, 17 So. 883; Petitpain v. Palmer, On Rehearing, 1 Rob. 221; 3 Cent. Dig. Appeal and Error, § 3242.
 

 We think the judgment of the Court of Appeal is correct. It is therefore decreed that the writ heretofore issued herein be recalled and vacated, and that relator’s application be dismissed at his cost.
 

 O’Niell, C. J., dissents and assigns reasons.