SMITH v. N. O. PUBLIC SERVICE INC.

(March 24, 1930. Opinion and Decree.)

R. A. Dowling, of New Orleans, attorney for plaintiff, appellant.

Ivy G. Kittredge, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff sues for damages for personal injuries which resulted from an attack claimed to have been made on him by a street car conductor in the employ of defendant, while plaintiff was a passenger on one of defendant's street cars. The answer is, in effect, a general denial of the material allegations, coupled with the special defense that such injuries as were sustained by the plaintiff resulted from the fact that plaintiff himself attempted to assault defendant's conductor, and that, in order to prevent such assault, the conductor struck him with the small iron handle which operates the folding doors on the end of the car.

The evidence shows that some forty or more negro laborers, desiring to board one of defendant's street cars, entered it very hurriedly, each in an effort to crowd his way into a seat; that the conductor attempted to prevent this, and that an altercation of minor importance took place; that the plaintiff, after forcing his way past the conductor and into the body of the car, removed one of the wire movable screens used to separate the negro portion of the car from the white portion, and was apparently intent on using this as a weapon with which to assault the conductor, when the conductor, in an effort to defend himself, removed the iron handle from the mechanism which operates the folding door, and, with this handle, struck the negro on the head.

We do not see that any question of law is presented. Of course, it is conceded that a carrier of passengers is bound to protect the passengers from humiliation, from insult, from abuse, and from assaults, but we know of no law which requires that the employees of carriers of passengers must permit themselves to be insulted, abused, and assaulted, without taking the necessary steps to protect themselves.

It thus appears that the sole question presented is whether or not plaintiff was attacked without cause, or whether he was, on the contrary, the aggressor. The evidence on this question of fact convinces us, as it did the trial judge, that, whoever may have been the aggressor in the initial unimportant altercation, that episode was terminated when plaintiff himself removed the wire screen and, by his actions, indicated his intention of assaulting the conductor. He was, therefore, the aggressor and instigator of the final scene in the affair, and, by his having initiated the proceedings, has deprived himself of a right to recover for such injuries as he may have sustained. Page vs. Hillard, 14 Orleans App. 11; Picatacci et al. vs. George Palermo, 3 La. App. 465.

It is argued that the fact that the plaintiff was tried for assault in the criminal court, and was discharged, is conclusive proof that he could not have been the aggressor. We do not so consider it. In Picatacci et al. vs. George Palermo, supra, this court held (syllabus):

"The fact that the defendant was convicted of assault and battery in Criminal Court based upon the same incident made the basis of a suit in damages is a circumstance unfavorable to the defendant,

but is not conclusive, and when the evidence adduced in the civil suit clearly preponderates in defendant's favor, the unfavorable impression which the conviction of defendant created will be removed."

Since only a question of fact is presented, and since the finding of the district judge, in our opinion, was manifestly correct, we see no reason to disturb the judgment rendered by him.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be affirmed.