No. 2588

Second Circuit

DODD v. HORAN
(BEESON-MOORE STAVE COMPANY, Intervener)

(July 5, 1930. Opinion and Decree.)

R. A. Fraser, of Many, attorney for plaintiff, appellee.

Boone & Boone, of Many, attorneys for intervener, appellant.

DREW, J. Plaintiff, who was employed as a bookkeeper by defendant, brought this suit claiming $350, balance due him as an employee of defendant, and provisionally seized a lot of staves, claiming a privilege on them for his salary. Beeson-Moore Stave Company intervened in the suit, claiming ownership, of the staves by purchase from defendant. The case was tried in the lower court, resulting in a judgment for plaintiff for the amount sued for and recognizing his privilege on said staves that were manufactured by defendant, and rejecting the demands of the intervener.

On appeal to this court the judgment of the lower court was reversed, in so far as plaintiff was concerned, the court holding that a bookkeeper did not come under the provisions of Act No. 23 of 1912, and that therefore plaintiff had no lien or privilege on the staves manufactured by defendant. 121 So. 323. An application for rehearing was made and a rehearing was denied. Dodd v. Horan, 12 La. App. 330, 122 So. 140.

This court did not either affirm or annul the judgment of the district court in so far as it rejected the intervener's demands.

The case was finally lodged in the Supreme Court of this state under a writ of review, and the judgment of this court was affirmed. However, on application for rehearing, the Supreme Court remanded the case to this court (Dodd v. Horan, -169 La. 884, 126 So. 225) with the following instructions:

"This case is ordered remanded to the Court of Appeal with instructions to decide, if the court has not already decided, whether the Beeson-Moore Stave Company, Intervener, bought the staves which were seized as the property of J. C. Horan; and the Court of Appeal is instructed further to affirm the judgment of the District Court in all respects if the Court of Appeal decides or has decided that the Beeson-Moore Stave Company did not buy the staves from Horan previous to the provisional seizure which was levied at the instance of the plaintiff, D. D. Dodd."

Defendant, Horan, was operating a stave mill at Zwolle, La., and selling his output to the intervener. As he needed money to operate on, he would count the number of staves he had manufactured and draw on the intervener for the value of same, less $10 per thousand, and to each draft he would attach a bill of sale. There are nine such bills of sale in the record, and the testimony shows that they cover all the staves manufactured by the defendant. The bills of sale attached to the drafts read as follows:

"Know all men by these presents: That, I, J. C. Horan, of Zwolle, Louisiana, in and for the consideration of the price and sum of forty two and 50-100 dollars, cash in hand paid by Beeson Moore Stave Company, of Little Rock, Ark., the receipt of which is hereby acknowledged, have bargained, sold, granted, conveyed and delivered and by these presents do bargain, sell, grant, convey and deliver unto the said Beeson Moore Stave Company, their executors, administrators and assigns, the following described property, to-wit:

"21000 Pieces ⅞ inch by 34 inches Barrel Staves (White Oak) at $30.00 per M.

"8500 Pieces ⅞ inch by 34 inches Barrel Staves (Red Oak) at $25.00 per M.

"Situated at the old planing mill of the Sabine Lumber Company on the side track of K. C. S. Ry. in Zwolle, Louisiana.

"To have and to hold the same unto the said Beeson Moore Stave Company, their executors, administrators and assigns, forever.

"And I do, for myself, my heirs, executors and administrators, covenant and agree to and with said Beeson Moore Stave Company to warrant and defend the said described property unto the said Beeson Moore Stave Company, their executors, administrators and assigns, against all and every person or persons whatsoever.

"In witness whereof I have signed this presents in duplicate in the presence of H. J. Mitchell and T. Laroux, two competent witnesses, who as witnesses signed with me. Thus done and passed at Zwolle, Louisiana, on this the 11th day of April, 1925.

"J. C. Horan.

"Witnesses:

"H. J. Mitchell.

"T. Laroux."

There are nine such bills of sale in all, and all are worded the same, with the exception of the number of staves and amount.

Intervener offered in evidence the bills of sale and the canceled drafts which were attached to the bills of sale, in support of its contention that it had bought the staves from defendant. Defendant admits that he sold intervener the staves.

Plaintiff contends that as there was no actual delivery of the staves to intervener, no sale was perfected, and that intervener only advanced the money represented by the drafts for defendant to operate on. And the lower court so held. We cannot agree with the lower court on this point.

There was nothing uncertain about this transaction. The number and kind of staves were set out in the bill of sale, as well as the price of the staves and the location of the staves. The thing, the price, and the consent are all present in this transaction.

It is true that the oral testimony shows that whenever the intervener inspected the staves and found that they were up to the standard, he was to pay the defendant $10 per thousand more for them. However, up-

on inspection he found many culls and defective staves, and learned that he had overpaid the defendant in an amount of nearly $2,000. After culling the defective ones, intervener was short about 15,000 staves that he had bought and paid for.

This case does not fall under article 2458 of the Civil Code by reason of intervener holding back $10 per thousand of the price. There is nothing uncertain about the price, and the $10 per thousand was only for protection against shortage and defective staves. If on inspection by intervener the number of staves bought by it were there and came up to specifications, then the remainder of the price was due and fixed. There was nothing indefinite about it. The intervener purchased a specific number of staves for a certain and definite price, situated at the old planing mill of the Sabine Lumber Company on the side track of the Kansas City Southern Railway in Zwolle, La., and paid for them. The staves purchased included all the staves that were later provisionally seized by the plaintiff.

It therefore follows that the former judgment of this court, reversing the lower court in so far as same recognized a lien and privilege on the staves seized in favor of plaintiff and setting aside the provisional seizure and releasing the staves, will have to be reinstated and the intervener recognized as the owner of the staves provisionally seized.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court, in so far as it rejected the demands of the intervener, is reversed, and the intervener, Beeson-Moore Stave Company, is recognized to be the owner of the staves provisionally seized in this case. And in all other respects the former judgment of this court is reinstated.

Costs to be paid by the appellee, Dodd.