## No. 13,450

## Orleans

---

## GARMA v. GALMICHE

---

(November 17, 1930. Opinion and Decree.)

Oliver S. Livaudais, of New Orleans, attorney for plaintiff, appellant.

Leander H. Perez, of New Orleans, attorney for defendant, appellee.

WESTERFIELD, J. Anthony Garma, accompanied by his wife, was driving his Essex automobile along the New Orléans Fort Jackson Highway in the direction of New Orleans on Monday, November 7, 1929. At about 5 o'clock, when he had reached a point near Sunrise, and when passing a garage belonging to Joseph Galmiche, a collision occurred between the Chevrolet coupe of Galmiche and the Essex automobile of Garma, causing damage to Garma's car which, it is claimed, amounted to $50. After the accident, Joseph Galmiche, who was driving the Chevrolet coupe at the time of the collision, struck Anthony Garma on the side of the head, causing blood to flow from the wound.

Garma brings this suit for $5,050, $50 for damage to the automobile and $5,000 for pain and suffering, mortification, humiliation, and mental anguish.

There was judgment in favor of defendant dismissing plaintiff's suit, and plaintiff has appealed.

Garma, whose testimony is supported by his wife and that of a colored woman living in the neighborhood, claims that he was driving along the highway, and that when he reached Galmiche's residence, the Chevrolet was backed out of the garage and across the roadway, causing the collision and damage. That after the collision he inquired of Galmiche as to who would pay for the damage to his car and was told "if you want me to pay wait until I get out of this automobile and I will pay you right now." Whereupon he (Garma) got out of his car, and without more ado, was struck violently on the forehead by Galmiche.

On the other hand, Galmiche's version of the accident, supported by three or four members of his family, as well as by a "girl friend" who was in his car at the time, is to the effect that the Galmiche car was standing still along the right-hand side of the highway and was run into by the Garma car; that after the accident Garma approached Galmiche demanding payment for damages to his car and threatened to throw Galmiche in the canal, his attitude being menacing and indicative of a purpose to do so.

We have read the voluminous record with care and with able counsel's earnest assertion of error in the judgment appealed from in mind, but we find that the plaintiff, with the burden of establishing his case by a preponderance of the evidence, is confronted by an overwhelming weight of testimony the other way. It is true that nearly all of defendant's witnesses are related to him, but it is also true that the main witness for the plaintiff is his wife; there being but one other witness supporting his cause. In this situation there is nothing for this court to do but to accept the version of the accident as given by defendant and his witnesses, as did the judge of the trial court. With the facts as thus established, the case comes squarely within the authorities cited by us in Martin Di Giovani v. Brodtman, 14 La. App. 49, 128 So. 665, where it was held that the aggressor in a case of this kind could not recover.

For the reasons assigned, the judgment appealed from is affirmed.

HIGGINS, J., takes no part.