## SUCCESSION OF SAMUEL BROOM.

When the record does not show that the amount in dispute is over $300, and the *hiatus* is not supplied by an affidavit, the appeal will be dismissed.

The practice of introducing all the *mortuaria* of a succession in mass, when it is only intended to prove a fact or a date, is abusive, inasmuch as it is calculated to create unnecessary costs, and to confuse the issues.

A re-hearing will not be granted when the evidence relied upon to support the application is only to be found in a different transcript from that of the appeal, which the parties had agreed might be referred to, but to which, by its title or number, no reference was made in the argument of the cause

It is the settled practice of the court not to notice in applications for re-hearing, points which were not made in the argument of the cause.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J.
   *D. N. Hennen*, for appellant.   *Durant & Hornor*, for appellee.

BUCHANAN, J. Certain heirs of this estate took a rule upon the administrator, under the Act of 1855, p. 79, §5, to show cause why he should not furnish new and additional security for his administration, on the ground that the present securities are insufficient.

They have appealed from a judgment discharging the rule.

The appellee now moves to dismiss the appeal, on various grounds, of which one alone requires notice, viz, that the amount in dispute does not exceed three hundred dollars.

The record does not show the amount in dispute; and this *hiatus* has not been supplied by an affidavit on behalf of appellants.

Appeal dismissed, with costs.

---

## SAME CASE—ON A RE-HEARING.

BUCHANAN, J. The appellant, in his petition for re-hearing, refers us to evidence which was not noted in the transcript, nor indicated in a proper manner either in the written agreement of parties, or in the argument upon the motion to dismiss in this court.

The note of the evidence in the transcript is as follows :

" Plaintiffs offer in evidence the mortuary proceedings of the estate of *Samuel Broom.*

"Also, copy of petition in the case of *Fonda, executor,* v. *Broom & Hennen.*"

After appeal granted from the judgment of the District Court, the following agreement was entered into by the counsel of appellant and appellee.

" It is agreed that the Clerk, in making up the transcript of the record for the appellant, may omit the mortuary proceedings in *Samuel Broom's* estate, and the copy of the petition in *Fonda, executor,* v. *Broom & Hennen*, introduced in evidence ; leaving to each party the right to refer, in the Supreme Court, to the transcript of record therein filed, containing said mortuary proceedings and petition."

In the printed argument of appellant's counsel, upon which the cause was submitted, the following passage contains the only indication of the record evidence intended by the above extracts from the transcript of appeal in this cause.

" I. The matter in dispute exceeds the sum of $300—appears by the inventories of *Broom's* estate—the claim of $250,000 brought by *Fonda* v. *Broom*, (see note of evidence,) and for which claim or debt, bond should be given, C. C. 1120, (bad debts alone being excepted.) "

In this extract, no reference is made to any record of this court by its title or number, in which the evidence is to be found. Without such particular reference there was nothing before the court on which it could act.

The appellant seems to have supposed that it was the duty of the court to hunt up, among its records, the evidence alluded to, or to tax its recollections of appeals heretofore decided.

The practice of introducing all the *mortuaria* of a succession in mass, when it is only intended to prove a fact or a date, which may be shown by a particular document, is abusive, inasmuch as it is calculated to create unnecessary costs, and to confuse the issue.

We had occasion to say very lately in the case of *Price* v. *Emerson*, that it is not necessary to give in evidence all the *mortuaria ;* and that decision was only a confirmation of settled principles of practice.

We have thus shown that the opinion delivered in this cause was right in saying that " the record does not show the amount in dispute between the parties appellant and appellee." After that decision rendered, the appellant in his petition for re-hearing, informs us that the evidence upon which he relied is to be found in record No. 4698 of the docket of this court at pages 1 and 127. This information comes too late. It is the settled practice of this court not to notice, in applications for re-hearing, points which were not made in the argument of the cause.

Re-hearing refused.