## No. 1261.

### THE STATE OF LOUISIANA vs CHARLES JOHNSON.

The State is not entitled to prove, in support of a charge of burglary of a house, and the larceny of a pocket-knife therein by the accused, another burglary at a different time and place and the larceny of a gold watch, to interpret the intent of the accused, in the commission of the former.

APPEAL from the Twentieth District Court, Parish of Lafourche. Beattie, J.

E. A. O'Sullivan and John N. Ogden, District Attorneys for the State, Appellee.

John S. Billiu, for Defendant and Appellant:

The opinion of the court was delivered by

WATKINS, J. The accused was indicted, tried and convicted of burglary and larceny, committed in the nighttime of the 23d of January, 1886, and from a sentence by the court, to fourteen years imprisonment in the penitentiary, in pursuance of the verdict of the jury, has appealed.

The indictment charges, in substance, that the accused and Nathan Taylor, " on the 23d of January, 1886, in the nighttime the dwelling house of Joseph O. Toups * * feloniously and burglariously did break and enter, with intent the goods and chattels of the said Joseph ,O. Toups, in the said dwelling-house, feloniously and burglariously to steal, take and carry away ; and the said Charles Johnson and Nathan Taylor, one pocket-knife, of the value of ten dollars, the property of said Joseph O. Toups, in the said dwelling-house, there being found, there feloniously and burglariously did steal, take and carry away."

The record contains a bill of exceptions retained for the accused to the evidence of Charles Smith, witness for the State, to the effect that the accused Charles Johnson had told him that he had committed an-

*other burglary at another time and place,* and that in the later burglary he had taken a *gold watch,* and that said watch was then offered in evidence by the State ; and thereupon counsel for the accused objected to the testimony, and the admission on the ground that same was irrelevant to the issue, and not pertinent to crime charged.

The judge *a quo* appends to the bill the following statement of facts, viz: "A witness was on the stand who was detailing a confession the accused. The confession related to *other* burglaries and thefts committed *about* the same time. The witness stated that accused stated he had stolen a *gold watch*; whereupon the District Attorney showed the gold watch, and asked if that was the one which witness said was like one described.

" The evidence was admitted to show *intent* of the accused in breaking and entering, and the court thought it be (the means) by which to test the truth or falsity of the witness's statements as to the alleged burglary. The jury was charged that accused could only be found guilty of the offense charged in the indictment, viz : the burglary of the house of Toups, and if the verdict was of larceny, then only of the larceny of the knife. But the court charged that the jury might judge of the intent of the accused, if they found the breaking and entering from *all the circumstances of the case,* as proven."

The judge erroneously overruled the objections of the counsel for the accused, to the reception of this testimony on part of the State.

It is difficult to conceive in what way the commission of a burglary, at a *different time* and place from that charged in the indictment, by the accused, could interpret the latter ; or in what way the *subsequent* larceny, by the accused, of a *gold watch,* from a person not named, could interpret the previous larceny of a pocket-knife, the property of Joseph O. Toups. It was not proper to allow such evidence to be heard by jury, and the instructions of the trial judge were improper.

Such evidence could not affect the credibility of the accused because he was not a witness, and the truth or falsity of his statement was in no way involved.

The accused had not, upon his own motion, put his character in proof, and the State could not do so otherwise. The witness in question was suffered to testify as to matters that were wholly irrelevant to the main issue on trial—the guilt or innocence of the accused—and totally disconnected with the charge contained in the indictment. 33 Ann. 737, State vs. Gregory.

It is therefore ordered, adjudged and decreed that the verdict of the jury and sentence by the court be annulled, avoided and reversed, and that the cause by remanded and reinstated for further proceedings according to law.