State vs. Braxton et als.

---

### No. 11,704.

STATE OF LOUISIANA VS. JOHN BRAXTON, JR., ET ALS.

An indictment under Act 44 of 1890 which alleges a club as the dangerous weapon used, proof that a pistol was so employed will not sustain a conviction.

APPEAL from the Tenth Judicial District Court, Parish of Natchitoches. Coco, J.

M. J. Cunningham, Attorney General, and Phanor Breazeale, District Attorney, for Plaintiff and Appellee.

Scarborough & Carver for Defendant and Appellant.

The opinion of the court was delivered by

McEnery, J. The defendants were indicted under Act 44 of 1890. The indictment charges that John Braxton, Jr., and Peter Braxton and Reuben Braxton, on or about 23d September, 1893, did wilfully, maliciously and feloniously strike, stab, cut and thrust Martin Roy

and Charles Jones with dangerous weapons, to-wit, knives and clubs, with the intent, there and then, the said Martin Roy and Charles Jones to kill," etc.

There are several bills of exception in the record, all of which, except one, are abandoned.

The bill reserved and relied upon by defendants is directed to the charge of the trial judge.

The trial judge was asked to charge: "That a pistol is not a club, that a club is to be understood in its ordinary acceptation, and does not include a pistol.

"The charge was declined by the court for the reason that the court charged the jury that a club was any blunt instrument sufficient in character to inflict bodily harm; that whilst a pistol was not, in the common acceptation of the term, a club, yet it could be used as a club." The bill is faulty, in not stating that a pistol was the weapon used by defendant. But we are not disposed to take advantage of this omission. The judge charged in reference to it, and we will presume that his charge related to the facts in evidence and the application of the law to them. The indictment described the dangerous weapon as a club. Act 44 of 1890 prohibits assaults with a dangerous weapon with intent to kill. The indictment should not only aver the weapon employed in the assault to be dangerous, when not known as such, but should specify it. Am. and Eng. Ency. of Law, 813.

If it is essential to allege the weapon used, it is necessary to sustain a conviction that the evidence supports the averment in the indictment as to the kind of weapon employed in the assault. If the instrument laid in the indictment and the instrument proved are of the same nature and character, there is no variance. 1 Wharton's Criminal Law, Sec. 519.

"Thus evidence of a dagger will support the averment of a knife, though evidence of a knife will not support the averment of a pistol." *Id.*

A pistol is not a club and has no resemblance to it. The one is a recognized dangerous weapon; the other only when employed as such. There is no necessity of describing the one as a dangerous weapon in an indictment; there is a necessity of describing the other as dangerous. It is so described in the indictment under which defendant was convicted, and the proof must correspond with the averments.

"If several weapons are alleged as the instruments of an aggra-vated assault, proof of any one of them, which in law makes the offence complete, will suffice. The wound must not appear to have been inflicted by a weapon other than that laid or implied from the allegations, except when such allegation is surplusage, and perhaps in some other exceptional cases." 2 Bishop Criminal Procedure, Sec. 65.

Several weapons are alleged in the indictment, but we are not in-formed by the judge whether there was any evidence as to their use. For fear of doing an injustice to the defendants we will not presume that evidence was offered as to the use of knives alleged in the indictment.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed, and it is now ordered that this case be remanded for further proceedings according to law.