The opinion of the court was delivered by
Monroe, <7.
Upon February 27, 1899, -the appellant waived arraignment, and pleaded not guilty to the charge, set out in a bill of information, that he “did, with a dangerous weapon, to-wit: a pistol, wil- “ fully and feloniously, assault one Cole Young, by wilfully and fe- “ loniously shooting at him, the said Cole Young, with intent, him, the “ said Cole Young, then and there, to kill, contrary to the form of the “ statute,” etc. The ease was fixed for trial upon the following day, when the District Attorney moved to amend the bill by striking out the words “with intent him, the said Cole Young, to kill.” Counsel for the accused, thereupon, objected to the proposed amendment, upon the ground, that it “would change the crime charged, from a misde- “ meanor to a felony; and that said amendment was a matter of sub- “ stance, and should not be allowed”. The objection having been overruled, the District Attorney requested that the accused should be arraigned under the information as amended, and the counsel for the accused objected, on the ground that the accused “could not legally be “ required to plead under an information thus illegally amended and “ changed.” ' This objection having, also, been overruled, the District Attorney asked that the case be fixed for trial, to which counsel for the accused objected, upon the same grounds, and 'the objection was overruled, and a bill of exceptions taken to all of said rulings. The hocused. was, thereupon, tried, convicted, and sentenced to the penitentiary for twelve months, and he has appealed to this court.
The most serious charge contained in the language origin-ally used in the information, is that of assault with intent to kill, since the words, “by wilfully and feloniously shooting at”, are merely descrip-, tive of the manner of the assault; whilst the words “with intent to' kill”, limit the charge with respect to the purpose of the assault, and the utmost penalty which could have been imposed would have been fine and imprisonment, but not at hard labor.
As amended by the omission of the words “with intent .to kill”, the charge falls under Act 59 of 1896, and is equivalent, so far as the pen *1253 alty is concerned, to a charge of assault with intent to commit murder, rape, or robbery, 'the penalty for which is imprisonment at hard labor, for not more than twenty years.
The character of the amendments which may be allowed to indictments, and informations, within the meaning of Sections 1047 and 1066 R. S., was considered in the case of State vs. Morgan, 35th Ann., 1139, where it was said, in regard to Section 1047, that, it “did not contemplate radical and material changes as to persons or things pertaining to the substance of the indictment, and by which the defendant might be prejudiced.” And in State vs. Jessie, 30th Ann., 1172, the court, holding that an amendment, changing a.charge of shooting with “intent to commit murder” into a charge of shooting with intent to “kill and murder” was useless, bult harmless, said “it would be dif- “ ferent, if to a charge ‘with intent to kill’, the State Attorney were “ to attempt to add ‘and murder’. If allowed, such an amendment “ would amount to a new information, for an offense of a higher grade “ than that charged in the first.” The instant ease, we think, falls within this ruling, and the amendment ought not to have been allowed.
The other points presented by the record, relate to the introduction by the State, after the defense had closed, of evidence as to a prior difficulty between the accused and the prosecuting witness. We understand from the bills of exception, that no evidence upon the subject had been offered in chief, and that none had been offered on behalf of the defense, and that the result of the ruling by the court was, that the prosecuting witness was afforded an opportunity of giving to the jury, in some detail, his version of a difficulty, which is said to have occurred the night before the commission of the crime for which the accused was being tried, and that the accused had no opportunity to deny or rebut the statement so made.
It also appears that the judge, of his own motion, cut short the statement thus made, and instructed the jury to disregard it “except “ as showing a previous difficulty, and to disregard all evidence of a “ previous difficulty, excepting in so far as the same would enable them “to determine whether or not the shooting was done with malice “ aforethought, if satisfied by the evidence, that the shooting had been “ done by the accused.”
It is admitted that the statement made by the prosecuting witness was as follows, to-wit:
*1254 “ That on the night previous to the day on which the crime charged “is alleged to have been committed, the said Cole Young went to the “house of one, Josephine (a colored woman) by a previous engage“ment, made that afternoon; that whilst in the house, Bass Cava- “ naugh knocked at the door, and that when he was admitted by the “ witness, he violently assaulted him with a stick of wood, and also by “ cutting him with a knife, (inflicting a slight wound on the chin, and “ cutting witness’ coat in several places); that here Mr. Bray (a white “ man on whose place Josephine’s cabin is situated) interposed, and “ stopped the difficulty.”
We are of opinion that the State ought not to have been permitted to offer this evidence, after the defendant had closed, unless clearly in rebuttal. State vs. Gregory, 33rd Ann., 43.
No doubt, prior acts and declarations of the accused are admissible when they legitimately tend to show motive or intention to commit the crime with which he is charged. State vs. Edwards, 34th Ann., 1012. But the general rule is against the introduction of evidence of the commission of another offense than that for which the defendant is being tried, and where such evidence is admitted to show intent, motive, etc., it should bear directly upon the issue before the jury. State vs. Bates, 46th Ann., 849. Where it is not introduced in chief, and is not in rebuttal of anything offered on behalf of the defense, and the accused has no opportunity to meet or contradict it, it should be excluded.
It is therefore ordered, adjudged and decreed that the verdict and judgment appealed from be annulled, avoided, and reversed, and that the cause be remanded to be proceeded with according to law.