**(125 So. 67)**

**No. 30159.**

**STATE v. ROSHTO.**

Nov. 4, 1929. Rehearing Denied Dec. 2, 1929.

T. F. Hunter and Overton & Hunter, all of Alexandria, for appellant.

Percy Saint, Atty. Gen., and Cleveland Dear, Dist. Atty., and A. V. Hundley, Asst. Dist. Atty., both of Alexandria (E. R. Schowalter, Asst. to Atty. Gen., of counsel), for the State.

BRUNOT, J. The defendant was prosecuted upon an information charging him, as a second offender, with manufacturing intoxicating liquor for beverage purposes. The trial resulted in the conviction of the accused, as charged, and he was sentenced to serve a term of four months in the parish jail and to pay a fine of $800 and costs of the prosecution, or, in default of the payment of the fine and costs, to serve an additional term of eight months in the parish jail, subject to work on the public roads. The appeal is from that judgment and sentence.

During the trial six rulings of the court were excepted to, and a bill of exceptions was reserved to each of these rulings. In argument and brief bill No. 5 is waived.

Before arraignment the accused filed a motion for a bill of particulars, asking that the district attorney set forth the date on which the alleged offense was committed. In response to this motion the district attorney answered as follows:

"The date was that alleged in the bill of information, to wit: on or about April 20, 1929."

The court held that this answer was sufficient and bill No. 1 was reserved to that ruling. The court, in its per curiam to this bill, says that the answer was not objected to, but the minute entry is in the following words:

"Motion for Bill of Particulars filed, which was partly answered by the District Attorney. Upon ruling of Court that District Attorney did not have to answer certain particulars, Bill of Exception reserved."

The only information asked for, in the motion for a bill of particulars, which was not given by the district attorney in his answer thereto, was the exact date on which the alleged offense was committed. It is the uniform jurisprudence of the state that, where the court and counsel disagree as to a pertinent fact or facts, and there is a minute entry in relation thereto, the minutes of the court control. We do not think, however, that this bill has merit. The bill was reserved to a ruling in a procedure had prior to arraignment and plea. It has been repeatedly held that time is not of the essence of the offense in prosecutions for violations of the Hood Act (Act No. 39 of 1921 [Ex. Sess.]) except where an alibi, or some specially pleaded defense, makes it so.

"No indictment shall be held insufficient, * * * for omitting to state the time at which an offense was committed where time is not of the essence of the offense." Article 234, Code of Crim. Procedure.

Following the court's ruling on the sufficiency of the answer to the motion for a bill of particulars, defendant pleaded to the information, and later went to trial of the case, without objection thereto. On the trial the

state witnesses testified that the offense charged in the information was committed on April 27, 1929. When this testimony was given it does not appear that the accused objected to its introduction. He did not plead surprise, or disclose his defense, or apply for a continuance, or ask the court for any relief whatever. Under the circumstances, this court must hold that the accused, by his silence when he should have spoken, waived any objection he might then have urged to the introduction of that testimony. It is a well-recognized rule that, subject to certain exceptions in capital cases, an accused may waive a right or acquiesce in the proceedings. If he does so, he is not, after the verdict, permitted to object thereto.

Bill No. 2 was reserved to the overruling of an objection to testimony offered by the state to prove a *sale* of whisky by the accused on April 26, 1929. The objection was urged upon the ground that the accused was charged with the *manufacture* and not the *sale* of liquor, and, therefore, the testimony was not material or relevant. The Judge's per curiam to this bill is as follows:

"The objection was overruled and the testimony admitted merely as going to the effect, not to prove guilt, but as a circumstance which might, if properly connected up, throw light upon the question of the charge of manufacturing whisky."

■ The accused was charged with manufacturing whisky *for beverage purposes*. Proof that the accused *sold* whisky, *for beverage purposes*, a short time prior to his arrest, is a material circumstance tending to show the purpose for which the whisky was manufactured.

We think that the proof of sales of liquor, for beverage purposes, is relevant, as tending to show the purpose for which the liquor was manufactured.

■ Bill No. 3 was reserved to the overruling of an objection, by defendant, to a witness for the state testifying that, three weeks before the date set out in the information, he had visited a still with the accused, and, on that visit, the accused said that he had seen officers in the vicinity of the still. The testimony was objected to as "irrelevant, immaterial and at variance with the charge."

The accused was charged with manufacturing liquor. Under this charge it was relevant and proper, whether by direct or circumstantial evidence, for the state to show that the accused possessed, as owner or otherwise, a still or the appliances required for the manufacture of liquor. The judge, in his per curiam to the bill, says:

"This testimony was in connection with testimony going to show the still which the officers found was the same still witness Bill Lamote said accused told him he had had at another location some time previous, and which the officers looking for it were seen by accused. The objection was overruled for the reason that the testimony was going to connect the accused up with the still, at a previous time, as its owner, which was a circumstance going to prove ownership of the still, it being the same still."

■ This court has held, as far back as State v. Bradley, 6 La. Ann. 554, that the court should lean to the admissibility of circumstantial evidence, leaving any objections to go to its effect under such directions to the jury as the nature of the case may require.

■ Bill No. 4 was reserved to the overruling of defendant's objection to the district attorney asking a state witness, on direct examination, "if the accused had stated to him how far it was from the trestle to where he moved the still?" The objection is based upon the same grounds urged in bill No. 3. The judge says:

"This testimony was sought for the purpose of showing accused was owner of the still (same still he was charged with operating at the time of his arrest) some three weeks previous, and had been moved by him to the location where it was when he was arrested and charged. * * * The court thought it a circumstance which was admissible, and, therefore, overruled the objection."

We see no error in the ruling, and counsel cites no authority in support of his objection.

▮▮ Bill No. 6 was reserved to the overruling of a motion for a new trial. The motion is urged upon the grounds set forth in bills 1 to 5, both inclusive, and upon the further grounds of newly discovered evidence, and that no evidence was introduced to prove the manufacture of liquor. The affidavits of several witnesses are attached to the motion. We think the court's per curiam disposes of this bill. The judge says:

"The purport of the affidavits was to the effect that accused was not in the vicinity of the location of the still on the 20th of April.

"In the first place, the indictment alleged the date to be on or about the 20th day of April. The answer to the bill of particulars gives the date as being on or about the 20th of April. The testimony showed that it was about a week later when the officers found the still, which did not vary from the date alleged enough to bring it within the prescriptive period. * * * The court is of the opinion that the accused had a fair and impartial trial and that the verdict was in accord with the law and evidence."

It is made to appear in the per curiams to the bills of exception, and otherwise in the record, that defendant owned a still three weeks before his arrest; that he feared his still would be discovered and he therefore moved it to a different location; that the day

▮▮

before his arrest he sold whisky for beverage purposes; that he owned the same still at the time of the arrest and at that time the still was set up and several barrels of mash were being fermented, at the still, preparatory to being distilled into whisky. These are elements of proof of manufacture and strong circumstances tending to establish the offense charged. What other facts were disclosed is not shown by the record, but, with the facts relating to guilt or innocence, or the sufficiency of the evidence, we have no concern. This court has repeatedly held that it cannot disturb a verdict that is based upon any proof at all of the defendant's guilt of the offense charged.

Finding no reversible error in the rulings complained of, the verdict and sentence are affirmed.

OVERTON, J., takes no part.