57 So.2d 904

**STATE v. CLARK.**

No. 40468.

Feb. 18, 1952.

Rehearing Denied March 24, 1952.

Lloyd C. Hoffmann, G. Wray Gill, New Orleans, for defendant-appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., and Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

LE BLANC, Justice.

On January 22, 1951 the defendant, herein, Freddie Clark, was charged in a bill of information with willfully and unlawfully possessing and having under his control a narcotic drug, to wit: three capsules of heroin in violation of LSA-R.S. 40:962. He was arraigned on February 5, 1951 and pleaded not guilty. On March 21, 1951 he was tried by a jury and found guilty as charged. A motion for a new trial was filed on his behalf on April 19, 1951 and on that same day it was overruled.

On June 12, 1951 the defendant was sentenced to imprisonment at hard labor in the State penitentiary for a term of three years and from his conviction and sentence he has taken and perfected this appeal.

On December 26, 1950 two policemen entered the house at 2606 Cadiz Street and arrested three persons. One of the arresting officers then left to go to a telephone and call for a patrol wagon. While he was gone the defendant appeared on the scene and upon discovering the presence of the officer who had remained, turned and ran with the officer in pursuit. Upon the other officer's return and upon his being trapped in an alley, the defendant threw to the ground a piece of cellophane which was at once picked up by one of the police officers and found to contain three capsules of heroin. He was then placed under arrest.

While the police officers were escorting him to the patrol car, defendant requested permission to obtain the key from his automobile which he pointed out to the officers. A search of the automobile revealed a spoon in the glove compartment. The bowl of the spoon was blackened on the bottom and upon analysis was found to contain traces of heroin.

Bill of Exception No. 1 was reserved to the court's ruling that the spoon was ad-

missible in evidence, and also all testimony tending to show that it contained traces of narcotics. It is the contention of the defendant that such evidence constituted a separate and distinct crime, the discovery of which took place after the defendant's arrest for having three capsules of heroin in his possession.

The cases relied on by counsel for the defendant are not in point. The testimony was relevant and admissible as corroborative evidence of the intentional possession of narcotics. Evidence of a different crime from the one charged may be received when both offenses are closely linked so as to form part of the res gestae. State v. Jugger, 217 La. 687, 707, 47 So. 2d 46, and cases cited therein.

The case of State v. Sears, 217 La. 47, 46 So.2d 34 presented a situation in which the court found the evidence which had been discovered at the scene of the crime to be inadmissible for the reason that it was not connected in any way with the crime with which the accused stood charged and did not stand in immediate causal relation to that crime. However, a thorough discussion of the rule governing the admissibility or rejection of that kind of evidence is to be found in the opinion with abundant citation of authority from texts such as Wharton's Criminal Evidence and Warren on Homicide, as well as decisions by this court. The gist of all this authority is to the effect that when a collateral offense or an extraneous crime, as it is sometimes

called, forms part of the res gestae, evidence of it is admissible as was later held in State v. Jugger, supra. Under the facts and circumstances of this case we think that the introduction of the spoon and all of the testimony regarding the analysis of its contents was proper and therefore find no merit in the bill of exception reserved to the ruling of the trial judge in admitting it.

Bill of Exception No. 2 was reserved to the overruling of defendant's motion for a new trial. In this motion defendant contends that he is innocent in law and in fact and that the verdict is contrary to the law and the evidence; as there was no legal or logical connection between the defendant and the narcotics allegedly found near him. Defendant errs in this contention as both the law and the evidence support the jury's verdict.

Defendant also sets out in his motion for a new trial that the spoon found in the glove compartment of the automobile which he was driving was inadmissible in evidence and all testimony concerning the analysis of the spoon's contents should have been excluded; that the trial judge erred in permitting the introduction of such evidence over the objection of counsel for defendant. This point was discussed and disposed of in considering the first bill of exception.

Defendant finally sets out in his motion for a new trial that other bills of exception were reserved during the course

of the trial, all of which are made a part thereof as if set out in extenso therein, and the reasons urged in court in connection with the objections and the taking of said bills are therein urged and the entire record and evidence and all of the testimony are made a part of the motion for a new trial. While it is noted in the minutes of court that several bills of exception were reserved by counsel for defendant, the nature of the objections and evidence in connection therewith were not made part of any bills of exception and no bills other than the two herein discussed were perfected. Therefore there is nothing more before the court for review. See State v. Cummings, 217 La. 672, 47 So.2d 41; State v. Owens, 210 La. 808, 28 So.2d 337.

The rulings of the trial judge are correct and the verdict found and sentence imposed are affirmed.