**82 So.2d 24**

**STATE of Louisiana**

**v.**

**Ben JOHNSON.**

No. 42216.

March 21, 1955.

Dissenting Opinion April 25, 1955.

On Rehearing June 30, 1955.

Ralph L. Roy, Baton Rouge, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty., Jack P. F. Gremillion, First Asst. Dist. Atty., Baton Rouge, for appellee.

MOISE, Justice.

This is an appeal by the accused, Ben Johnson, who was convicted of the crime of possession of marijuana, LSA–R.S. 40:-962, and sentenced therefor to a term of ten years in the state penitentiary.

The record discloses—

 (a) That there was filed a motion for a new trial, which was refused;

 (b) That two bills of exception were perfected, which we will discuss;

 (c) That the accused now urges that there is error patent on the face of the record.

Bill of Exception No. 1

This bill was taken and perfected to the trial court's ruling in permitting the state to change the date of the alleged offense charged in the bill of information from on or about October 7, 1953, to on or about October 6, 1953.

LSA–R.S. 15:253 provides:

"* * * The court may at any time before, during or after the trial amend the indictment in respect to any

defect, imperfection or omission in form or substance or of any variance with the evidence. If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or variance in respect to which the amendment is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. * * * No action of the court in refusing a continuance or postponement under this article shall be reviewable except after motion to and refusal by the trial court to grant a new trial therefor and no appeal based upon such action of the court shall be sustained, nor reversal had, unless from consideration of the whole proceedings, the reviewing court shall find that the accused was prejudiced in his defense or that a failure of justice resulted."

In his per curiam, we think the trial judge properly refused a continuance and permitted the amendment. Time was not the essence of the crime and the defense was not an alibi; hence, there was no harm to the defendant. State v. Roshto, 169 La.

251, 125 So. 67; State v. Anderson, 125 La. 779, 51 So. 846.

### Bill of Exception No. 2

This bill was reserved to the admitting in evidence the fact that gleanings of marijuana were found in defendant's clothes at his residence on October 7, 1953. The day after his arrest on October 6, 1953, the defendant was taken to his home where he identified certain clothing as belonging to him, and in those clothing marijuana gleanings were found.

Evidence of this second offense was introduced by the state for the purpose of showing intent, system and guilty knowledge. Defendant objected, on the ground that such was irrelevant to the issue and contrary to the state's answer to the bill of particulars that the marijuana gleanings—of which accused had possession—*were on his person and his automobile*. Our learned Brother below stated that the district attorney, in the presence of the jury, claimed that this evidence was not offered in support of the charge in the information but to show another and similar offense on October 7, 1953. The objection was overruled and the evidence admitted to show intent, system and knowledge. Articles 445 and 446 of the Code of Criminal Law and Procedure; LSA-R.S. 15:445 and 15:446.

Defendant urges in this Court that the evidence of a similar offense allegedly committed, to prove a system, intent or guilty knowledge relative to the crime charged,

is prejudicial and violative of the rights of the accused. He also argues that the admission of such evidence (although in the presence of the jury) is reversible error.

The question now posed is: Under the facts and the law, is intent a necessary ingredient of the crime charged?

LSA–R.S. 40:962 reads:

"It is unlawful *for any person to* * * * *possess* * * * any narcotic drug * * *." (Italics ours.)

Once possession is proved, intent forms no part of the crime. The mere possession, when that person is not authorized to possees narcotic drugs, constitutes the crime.

Ben Johnson was charged in a bill of information reading:

" * * * feloniously did violate Title 40, Section 962 et seq., Revised Statutes of Louisiana, in that *he had in his possession* certain quantities of narcotic drugs, contrary to the form of the Statutes of the State of Louisiana, in such case made and provided, in contempt of the authority of said State, and against the peace and dignity of the same." (Italics ours.)

As pronounced in State v. Wilde, 214 La. 453, 38 So.2d 72, 75 (a forgery prosecution), the general rule is:

" * * * that evidence tending to show the accused, who is being prosecuted for a particular crime, has committed another crime wholly independ-

ent of and unconnected with that for which he is on trial is irrelevant and inadmissible even though it is a crime of the same sort, is subject to a number of exceptions. Such an exception is 'When knowledge or intent forms an essential part of the inquiry.' In such case 'testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and *where the offense is one of a system,* * * *.' " (Italics ours.)

In the case of State v. Haddad, 221 La. 337, 59 So.2d 411, 415, this Court stated:

"The general rule is that evidence of the commission of a crime other than that charged in the indictment is not admissible, but Articles 445 and 446 provide exceptions to this general rule, and in the cases above cited this court admitted the evidence of subsequent offenses for the reason that they were relevant to the offense charged because they showed intent or guilty knowledge and intent."

In the above case, the defendant was charged with receiving stolen articles. The evidence of subsequent crime was admitted solely for the purpose of showing *guilty knowledge* of receiving this stolen property knowingly. This was a crime where guilty knowledge was an ingredient of the offense charged, and the evidence was properly admitted; but, here in the instant case, mere

possession of the marijuana constituted the crime.

In the case of State v. Colombo, 171 La. 475, 131 So. 464, the Court, likewise, held that evidence of a collateral offense was admissible to establish guilty knowledge in a prosecution for receiving stolen goods.

In State v. Keife, 165 La. 47, 115 So. 363 (a prosecution for embezzlement), the Court held that various collateral acts of embezzlement were admissible to show defendant's intent and system and not as substantive proof of the offense charged.

Certainly, the defendant did not fall within the exception of the general rule in LSA-R.S. 15:445 and 15:446, because intent, system, and guilty knowledge form no part of the ingredients of the crime charged. Neither was the evidence a part of res gestae, as was in the case of State v. Clark, 220 La. 946, 57 So.2d 904.

In the case of State v. Johnson, 38 La. Ann. 686, where the defendant was charged with the crime of burglary, the introduction of evidence of prior burglaries was not permitted. The Court stated:

"It is difficult to conceive in what way the commission of a burglary, at a different time and place from that charged in the indictment, by the accused, could interpret the latter; or in what way the subsequent larceny, by the accused, of a gold watch, from a person not named could interpret the previous larceny of a pocketknife, the property of Joseph O. Toups. It was not proper to allow such evidence to be heard by jury, and the instructions of the trial judge were proper."

The well reasoned case of State v. Gardner, 198 La. 861, 5 So.2d 132, 134, is on all fours with the present appeal. The accused was charged with selling intoxicating liquor for beverage purposes in a parish where the sale was forbidden. The Court held that evidence of prior sales of liquor was inadmissible and made the following pertinent pronouncement:

" 'The general rule is against the introduction of evidence of the commission of another offense than that for which the defendant is being tried * * *.' 2 Marr's Criminal Jurisprudence 568. See, also, State v. Johnson, 38 La.Ann. 686; State v. Bates, 46 La.Ann. 849, 850, 15 So. 204; State v. Cavanaugh, 52 La.Ann. 1251, 27 So. 704; State v. Williams, 111 La. 179, 35 So. 505; State v. Smith, 156 La. 818, 101 So. 209; Rice on Evidence, vol. 3, c. 25, § 153, and especially regarding larceny, chapter 42, § 453; 16 C.J. p. 574, § 1115, p. 586, §§ 1132, 1133, 1134, 22 C.J.S., Criminal Law, §§ 663, 682, 683; 8 R.C.L. p. 198, No. 194. There are exceptions to this general rule, however, one, where the evidence is introduced for the purpose of rebutting the inference that the act with which the accused is charged was not committed by accident or mistake but with

a guilty knowledge or evil motive; another, when the evidence shows a system of wrongdoing, as in cases of forgery, making of false entries in books, etc. State v. Williams, 111 La. 179, 35 So. 505; State v. Norphlis, 165 La. 893, 116 So. 374; and State v. Brown, 185 La. 1023, 171 So. 433.

"In the instant case the question if intent or motive is not at issue and there being no connection between the previous sales of liquor and the sale with which the accused was charged in the indictment, it is our opinion therefore that the evidence of such previous sales was inadmissible."

Since we have found that there is merit in Bill of Exception No. 2, no further discussion is necessary.

For the reasons assigned, the conviction and the sentence are set aside, and the case is remanded for a new trial according to law.

FOURNET, C. J., absent.

HAMITER, J., dissents.

MOISE, Justice (dissents to the granting of a rehearing).

No exception should be made to the well stabilized jurisprudence that this Court will not consider any point when raised for the first time on rehearing.

On Rehearing

SIMON, Justice.

When this matter was originally before us we annulled and set aside the conviction and sentence of the accused and remanded the case for a new trial, being of the opinion that the lower court had committed prejudicial error in admitting, over defendant's objection, certain evidence showing that on the day following the arrest of defendant, namely, October 7, 1953, gleanings of marijuana were found in his clothes at his residence.

The matter is now under reconsideration by us on rehearing.

The accused, Ben Johnson, was convicted of the crime of unlawful possession of marijuana and sentenced therefor to a term of 10 years in the state penitentiary. His original appeal was based on two bills of exception formally perfected and filed with us, which we shall dispose of in their order.

Bill of Exception No. 1

This bill was taken and perfected to the ruling of the trial judge permitting the State to amend the Bill of Information by changing the date of the alleged offense as charged from that of "on or about October 7th, 1953" to "on or about October 6, 1953".

In our original opinion we cited and approvingly quoted the provisions of LSA–R.S. 15:253 and the cases of State v. Anderson, 125 La. 779, 51 So. 846; State v. Roshto, 169 La. 251, 125 So. 67, and held that the amendment of the Bill of Information was properly allowed, time

not being of the essence of the crime charged and an alibi not having been pleaded. The ruling of the court below was not prejudicial to or violative of the rights of the accused. We reinstate and affirm our original holding in that respect.

### Bill of Exception No. 2

The record discloses that on October 6, 1953, the defendant was arrested, taken into custody, and, at which time, gleanings of marijuana were allegedly found on his person and in his automobile. As a result thereof, he was incarcerated, and on November 10, 1953, was formally charged in a Bill of Information, as subsequently amended, with having on or about October 6, 1953, violated LSA–R.S. 40:962, our State Narcotic Act. On the day following his arrest, namely, October 7, 1953, defendant voluntarily accompanied the arresting officers to his residence where he identified certain clothing as belonging to him and which, upon examination, allegedly contained gleanings of marijuana.

It appears that on October 18, 1954, defendant filed a motion for a Bill of Particulars requesting the following specifications, to-wit: the kind and quantity of the narcotic drugs the defendant was charged with possessing; the nature of the possession, whether on defendant's person, in his automobile or other vehicle, or in a house, building, or premises over which the accused had control and supervision, and in the latter instance, the name of the owner, occupant or occupants or other persons having control thereof. In written response thereto, the district attorney stated that the narcotic drug was "marijuana" and that the possession as charged was "on his person and in his automobile".

On trial of this cause, proof of the findings of these gleanings at defendant's residence was offered in evidence by the State. Defendant objected thereto on the ground that such evidence was irrelevant to the issue and contrary to and beyond the State's restricted answer to the Bill of Particulars.

In his per curiam the trial judge states that the district attorney informed the court, in the presence of the jury, that "this evidence was not offered in support of the charge of possession on October 6th, 1953, but was offered merely to show another and similar offense on October 7th, 1953, * * *". The objection was overruled and the evidence admitted under Articles 445 and 446 of the Code of Criminal Law and Procedure, LSA–R.S. 15:445 and 15:446.

Defendant contends that evidence of a similar and separate offense allegedly committed by him tendered for the declared purpose of proving system, intent or guilty knowledge in connection with proof of the crime charged is prejudicial and violative of his rights; that its admission for that purpose constitutes reversible error. In this connection he argues that, the crime charged being a statutory crime wherein possession vel non constitutes the crime, the element of intent forms no part of the crime; and

that evidence to establish intent, system or guilty knowledge is irrelevant, immaterial and inadmissible.

Therefore, as correctly stated in our original opinion, the question to be resolved is: Whether intent, system or guilty knowledge, under the facts and the law, is a necessary ingredient of the crime charged, which would authorize proof of the commission by the defendant of a similar and separate offense.

The charge leveled against defendant is brought under the provisions of LSA–R.S. 40:962, which reads:

"It is unlawful for any person to manufacture, possess, have under his control, sell, give, deliver, transport, prescribe, administer, dispense, or compound any narcotic drug, * * *."

Article 445 of the Code of Criminal Law and Procedure provides:

"In order to show intent, evidence is admissible of similar acts, independent of the act charged as a crime in the indictment, for though intent is a question of fact, it need not be proven as a fact, it may be inferred from the circumstances of the transaction."

Article 446 of the Code of Criminal Law and Procedure provides:

"When knowledge or intent forms an essential part of the inquiry, testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system,

evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged."

The general rule is that evidence of the commission of an offense other than the one with which a defendant is charged is not admissible. However, there are recognized exceptions as provided by Articles 445 and 446 of the Code of Criminal Law and Procedure, LSA–R.S. 15:445 and 15:446, supra, such as where the evidence is introduced for the purpose of rebutting the inference that the crime charged was not committed by accident or mistake but with a guilty knowledge or evil motive, and where the evidence shows a system of wrongdoing.

In State of Louisiana v. Wilde, 214 La. 453, 38 So.2d 72, 75, wherein the State was permitted to introduce evidence tending to show the commission of other and unrelated crimes by the accused for the purpose of showing guilty knowledge and intent, we announced the following:

"The general rule that evidence tending to show the accused, who is being prosecuted for a particular crime, has committed another crime wholly independent of and unconnected with that for which he is on trial is irrelevant and inadmissible even though it is a crime of the same sort, is subject to a number of exceptions. Such an excep-

tion is 'When knowledge or intent form an essential part of the inquiry.' In such case 'testimony may be offered of such acts, conduct or declarations of the accused as tend to establish such knowledge or intent and where the offense is one of a system, evidence is admissible to prove the continuity of the offense, and the commission of similar offenses for the purpose of showing guilty knowledge and intent, but not to prove the offense charged.' Article 446 of the Code of Criminal Procedure."

See State v. Gardner, 198 La. 861, 5 So. 2d 132, and authorities therein cited.

 It is further well recognized that these exceptions to the general rule apply not only to prior criminal offenses committed by the defendant, but also to offenses committed subsequent to the offense charged. In neither event is the admissibility of the evidence under these exceptions affected. In State v. Haddad, 221 La. 337, 59 So.2d 411, we recognized and applied this principle and approvingly cited the following cases in support thereof: State v. Jackson, 163 La. 34, 111 So. 486; State v. Keife, 165 La. 47, 115 So. 363; State v. Colombo, 171 La. 475, 131 So. 464; State v. Jacobs, 195 La. 281, 196 So. 347; State v. Guillory, 201 La. 52, 9 So.2d 450; State v. Wilde, 214 La. 453, 38 So.2d 72.

The word "possession" means simply the owning or having in one's power; to have and to hold as property; ownership, whether rightfully or wrongfully; actual personal control and care; the right of exercising acts of dominion. 33 Words and Phrases, Possession, p. 69.

Unlawful possession, where one is invested with some right of dominion, can be defined as a possession which in the ordinary course of human experience necessarily involves knowledge of the fact that one is possessing either rightfully or unlawfully as well as knowledge of the criminal consequences which one should reasonably anticipate to result therefrom. For, no crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences. State v. Howard, 162 La. 719, 111 So. 72.[1]

 Therefore, guilty knowledge is an essential ingredient of the crime of possession of narcotic drugs. The crime of unlawful possession of narcotic drugs as denounced by law cannot exist without proof of guilty knowledge; for, such possession would not be a possession contemplated by the statute.[2]

 Hence evidence of the commission of similar and separate crimes by the accused relative to and connected with the

---

1. LSA–R.S. 14:10: "General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act."

2. LSA–R.S. 40:962.

crime charged is admissible to establish guilty knowledge as provided under LSA–R.S. 15:445 and 15:446, supra.

Manifestly, the correctness of the ruling of the trial judge in admitting the evidence objected to by the defendant is further sustained and supported in that said evidence was corroborative of the guilty knowledge of the defendant that he was then unlawfully and intentionally possessing narcotic drugs in violation of the statute. See State v. Gaines, 223 La. 711, 66 So.2d 618; State v. Washington, 225 La. 1021, 74 So.2d 200.

■ Moreover, the crime charged clearly falls within the terms and provisions of Article 27 of our Criminal Code, LSA–R.S. 14:27, wherein an attempt to commit a crime is made a separate but lesser grade of the intended crime; and a verdict finding the defendant guilty of attempted unlawful possession of narcotic drugs would be responsive to the charge in the Bill of Information. This principle was recognized and applied in the case of State v. Broadnax, 216 La. 1003, 45 So.2d 604.

The pertinent part of Article 27 of our Criminal Code reads:

"Whoever attempts to commit any crime shall be punished as follows * * *. In all other cases he shall be fined or imprisoned, or both, in the same manner as for the offense attempted; but such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both."

■ Manifestly, the attempt to unlawfully possess narcotics being a responsive verdict imposes upon the trial judge the duty to charge the jury with a full definition of the legal nature of an attempted crime, its component parts and essential ingredients, which necessarily include the element of specific intent. The specific intent of the accused to commit such a crime, being the vital and essential ingredient thereof, the State must necessarily make full proof of this fact so as to legally authorize the finding of a verdict of guilty by the jury. Therefore, evidence showing the commission of collateral offenses either anteriorly or posteriorly is admissible in proof of the specific intent of the defendant and clearly falls within the exception to the general rule hereinabove referred to.

We observe that the question of a responsive verdict was not urged before us either in written brief or in oral argument at the time of the original hearing, having been raised for the first time on rehearing.

We conclude that Bill of Exception No. 2 is without merit.

For the reasons assigned, it is ordered, adjudged and decreed that the conviction and sentence be, and the same is affirmed.

HAWTHORNE, J., concurs in the decree.

MOISE, J., dissents.

On Rehearing

MOISE, Justice (dissenting).

The object of a criminal prosecution is not to convict; neither is it to acquit. The accused is entitled to a fair trial accompanied by due process and equal protection of the law—be he saint or sinner.

This case should have been considered in the light of the charges made, the peculiar set of facts and the applicable law. The charge was the possession of marihuana, denounced as a crime under LSA–R.S. 40:-962, which reads:

"It is unlawful for any person to \* \* \* possess \* \* \* any narcotic drug \* \* \*."

A motion was filed by the defendant for a Bill of Particulars, and in Answer the State said that the possession of marihuana was either on the defendant's person or in his automobile.

On Page Seven of its brief, the State admitted that the "essential ingredient of this offense being that the accused possessed narcotic drugs contrary to the statutes." The defendant did not invoke any exceptions to LSA–R.S. 40:962. State v. Broadnax, 216 La. 1003, 45 So.2d 604. He did not claim that the marihuana had been placed in his clothes by another, although there is some small amount of evidence in the record to that effect. Therefore, under the peculiar facts of the case, the State nailed itself down to the crime of possession of marihuana in its charge, answer

to the Bill of Particulars, and proof. It is an axiomatic principle of law that the allegata and the probata must conform. This principle was enunciated by our Court as late as February 14, 1955, in the case of State v. Dore, 227 La. 282, 79 So.2d 309, 311, where we said:

"It is elementary that the evidence in a criminal case must correspond with the allegations of the indictment which are essential and material to charge the offense in order that the requirement may be fulfilled that an accused shall be definitely informed as to the charges against him, and that he may be protected against another prosecution for the same offense. See 27 Am. Jur., Verbo Indictments and Informations, Sec. 177, pp. 722–723; State v. Braxton, 47 La.Ann. 158, 16 So. 745; State v. Anderson, 136 La. 261, 66 So. 966."

The State introduced evidence on trial of the case, tending to prove possession of marihuana on an occasion and at a time and place subsequent to that charged in the Information. This possession was not set forth in the Answer to the Bill of Particulars nor in the Information. The defendant objected to the admission of the evidence on the ground that it deprived him of due process of law and equal protection of the laws. The State argued that the evidence introduced was for the purpose of showing guilty knowledge and intent. Articles 445 and 446 of the Code of Criminal Procedure. The trial court per-

mitted the evidence to go into the record, and on original hearing we held that it was prejudicial to the defendant. The conviction and sentence were set aside.

The State argued on rehearing that the evidence was admissible because "Attempt" is a responsive verdict to the crime of possession of marihuana, LSA–R.S. 40:962, State v. Broadnax, supra, Code of Criminal Procedure, LSA–R.S. 14:27, and under the crime of attempt, guilty knowledge and intent are necessary ingredients. Our original decree was reversed, the majority opinion holding that guilty knowledge and intent formed a part of the crime of possession of narcotics.

It is the writer's opinion—as stated in his original opinion—that the evidence was prejudicial and deprived the defendant of due process and equal protection of the law. The proceedings were contrary to Article I, Sec. 10, of the Constitution of Louisiana, LSA. During the trial the State was endeavoring to prove the crime of possession of marihuana, as charged in the Information and set forth in the Answer to the Bill of Particulars. At no time did the State try to prove the lesser crime of attempt. The jury brought in a verdict of possession, not attempted possession.

We need not delve along the shelves of antiquity to find authority and precedent for the issues herein presented. The point that the writer has made in this dissent has application only to the peculiar facts of the instant case, and has been answered in the case of State v. Gardner, 198 La. 861, 5 So.2d 132, 134, where this Court said:

"'The general rule is against the introduction of evidence of the commission of another offense than that for which the defendant is being tried * * *.' 2 Marr's Criminal Jurisprudence 568. See, also, State v. Johnson, 38 La.Ann. 686; State v. Bates, 46 La.Ann. 849, 850, 15 So. 204; State v. Cavanaugh, 52 La.Ann. 1251, 27 So. 704; State v. Williams, 111 La. 179, 35 So. 505; State v. Smith, 156 La. 818, 101 So. 209; Rice on Evidence, vol. 3, c. 25, § 153, and especially regarding larceny, chapter 42, § 453; 16 C.J. p. 574, § 1115, p. 586, §§ 1132, 1133, 1134, 22 C.J.S., Criminal Law, §§ 663, 682, 683; 8 R.C.L. p. 198, No. 194. There are exceptions to this general rule, however, one, where the evidence is introduced for the purpose of rebutting the inference that the act with which the accused is charged was not committed by accident or mistake but with a guilty knowledge or evil motive; another, when the evidence shows a system of wrongdoing, as in cases of forgery, making of false entries in books, etc. State v. Williams, 111 La. 179, 35 So. 505; State v. Norphlis, 165 La. 893, 116 So. 374; and State v. Brown, 185 La. 1023, 171 So. 433.

"In the instant case the question of intent or motive is not at issue and there being no connection between the previous sales of liquor and the sale with which the accused was charged in the indictment, it is our opinion therefore that the evidence of such previous sales was inadmissible."

There are certain crimes in Louisiana that the Legislature placed in a class by themselves. They are classified as crimes malum in se, such as the possession of marihuana; such as the possession of intoxicating liquor in a dry territory; and such as the carrying of a concealed weapon.

In marihuana cases the defendant must rebut his possession by showing that he falls within the exceptions provided by statute. State v. Broadnax, 216 La. 1003, 45 So.2d 604. The same rule applies to charges of possessing intoxicating liquor in a dry territory. Likewise, a person charged with carrying concealed weapons bears the burden of proving that he is one authorized to have such weapon on his person.

The confusion here is the application of rules which apply to another separate and distinct type of crimes, such as embezzlement, forgery, and the receiving of stolen property. Mere actual possession constitutes the offense of possession of narcotics, but in the case of embezzlement, forgery, etc., felonious intent and guilty knowledge are necessary ingredients. Proof of these ingredients are required to convict for the crime charged.

The question of attempt was raised for the first time on rehearing. It has always been the policy of this Court not to notice, in application for rehearing, points which were not made in the argument of the cause. Succession of Broom, 14 La.Ann. 67; Cryer v. Cryer, La.App., 70 So.2d 747; Cabral v. Victor & Provost, Inc., 181 La. 139, 158 So. 821. The discussion of the question in the present case does not obtain justice.

A rehearing should be reserved, and the conviction and sentence should be set aside.